PHŒNIX INSURANCE COMPANY OF HARTFORD V. CLYDE KING ET AL.

FILED NOVEMBER 4, 1897. No. 7531.

1. Review: RULINGS ON EVIDENCE: ASSIGNMENTS OF ERROR. An assignment in a petition in error, as to the admission or exclusion of testimony, which does not indicate what particular testimony out of a great mass is referred to, is too indefinite for consideration. *Bloedel v. Zimmerman*, 41 Neb., 695, followed.

2. ———: ———: ———. This court will not examine a bill of exceptions for the purpose of ascertaining if the verdict is sustained by sufficient evidence unless that question is specifically assigned in the petition in error. *Wiseman v. Ziegler*, 41 Neb., 886, followed.

3. Process: AMENDMENT OF SHERIFF'S RETURN: REVIEW. The district court has power to permit a sheriff to amend his return on a process to conform to the facts, upon proper showing and notice to the parties interested, and the permitting of such an amendment will not be disturbed by the supreme court when it appears that there has been no abuse of discretion. *Shufeldt v. Barlass*, 33 Neb., 785, followed.

4. Trial: SPECIAL INTERROGATORIES: VERDICT: REVIEW. Whether special interrogatories shall be submitted to a jury to be answered, in addition to their returning a general verdict, is a matter resting in the sound discretion of the trial court; and unless, from the nature of the case or some other fact, it appears that the court abused its discretion in refusing to submit such special interrogatories, its action will not be disturbed. *Atchison, T. & S. F. R. Co. v. Lawler*, 40 Neb., 356, followed.

5. Instructions: ASSIGNMENTS OF ERROR. This court will not review the

action of a district court in giving or refusing instructions unless such action of the court be specifically assigned in the motion for new trial and as a ground thereof. *Graham v. Frazier*, 49 Neb., 90, followed.

6. ———: ———: NEW TRIAL. An assignment in a motion for a new trial, "Errors of law occurring at the trial," does not present to the district court the question of the correctness of its ruling in giving or refusing instructions. *Graham v. Frazier*, 49 Neb., 90, followed.

7. New Trial: ASSIGNMENTS OF ERROR. Where a motion for a new trial contains seven grounds therefor, an assignment that the court erred in overruling such motion is too general for review. *Moore v. Hubbard*, 45 Neb., 612, followed.

ERROR from the district court of Holt county. Tried below before KINKAID, J. *Affirmed.*

*Wright & Stout*, for plaintiff in error.

*R. R. Dickson*, contra.

RAGAN, C.

One McEvony was sheriff of Holt county, and while such officer he performed certain services for the Phœnix Insurance Company of Hartford, Connecticut,—hereinafter called the "insurance company,"—in and about the levying upon, having appraised, advertising, and offering for sale lands upon which the insurance company had foreclosed mortgages. The claim against the insurance company for the fees which he alleged he had earned in the performance of said services McEvony assigned to King & Cronin; and to recover these fees from the insurance company, they brought this action in the district court of Holt county. The petition contained seven distinct causes of action, to each of which the insurance company interposed nine defenses. The trial resulted in a verdict and judgment in favor of King & Cronin and the insurance company brings the judgment here for review.

1. The first assignment of error is that the district court erred in sustaining the demurrer of King & Cronin

to the seventh defense interposed by the insurance company to King & Cronin's first cause of action. There are two answers to this contention: If the court ever made any such a ruling as that complained of the record does not disclose it; and, in the second place, this alleged action of the district court is not one of the grounds of the petition in error filed here for review of this judgment.

2. The second assignment is that the district court erred in sustaining the demurrer of King & Cronin to the eighth and ninth defenses interposed by the insurance company to the causes of action pleaded in the petition. The record does not disclose that the court made any such ruling as that complained of, and no such an assignment is contained in the petition in error.

3. The third, fourth, fifth, and sixth assignments of error argued in the brief relate to the action of the district court in the admission and the exclusion of evidence. The assignments on this subject in the petition in error are that the court erred in rejecting evidence offered on behalf of the insurance company as appears from the record at "pages 209, 209½, 210, 211, 212, 216, 216½, 217, 220, 223, 224, 230, 238, 239, 240, 241, 243;" that the court erred in rejecting documentary evidence offered by the insurance company as shown by the record at pages "206, 207, 219, 221, 228, 235, 242;" that the court erred in admitting evidence on behalf of King & Cronin as shown by the record at pages "197, 198, 199, 200, 204, 216, 218, 219, 232, 233, 234;" that the court erred in admitting evidence on behalf of King & Cronin as appears in the record at "pages 196, 197, 204, 233." These assignments of error are too indefinite to make it the duty of this court to go through the pages of the record referred to and pass upon the rulings of the court in the admission and rejection of evidence. In *Bloedel v. Zimmerman*, 41 Neb., 695, it was held: "An assignment in a petition in error as to the admission or exclusion of testimony, which does not indicate which testimony out of a great mass is referred to or intended, is too indefinite to be considered."

4. The seventh assignment of error argued in the brief is in substance that the verdict is not sustained by sufficient evidence. We cannot review the evidence in this record for the purpose of ascertaining whether this assignment is well taken since that question is not specifically assigned in the petition in error. (*Wiseman v. Ziegler*, 41 Neb., 886.)

5. The eighth assignment of error is that the court erred in permitting McEvony, the sheriff, who was a party to the suit below, to amend some of the returns made by him to the orders of sale which had been executed by him in the foreclosure suits of the insurance company. This was a matter resting within the sound discretion of the trial court; and since the record does not disclose that the court abused its discretion in permitting the amendment to be made the judgment cannot be reversed for that reason. *Shufeldt v. Barlass*, 33 Neb., 785, was an action brought to amerce the sheriff for failing to execute and return an order for the sale of attached property. On the trial of the amercement proceeding the court permitted the sheriff to file an amended return stating as a matter of fact that he had not levied upon any property and that the original return made was erroneous. The sheriff having had a verdict and judgment Shufeldt prosecuted here a petition in error. This action of the court in permitting the amendment to be made was relied upon by Shufeldt & Co. for a reversal of the judgment. This court summed up its conclusion in the syllabus as follows: "The district court has power to permit a sheriff to amend his return on a process to conform to the facts, upon proper showing, and notice to the parties interested, and the permitting of such an amendment will not be disturbed by the supreme court when it appears there has been no abuse of discretion.

6. Another assignment of error argued here is that the district court erred in refusing to submit to the jury certain special findings requested by the insurance company. This also was a matter resting within the discre-

tion of the trial court, and there is nothing in this record or in the nature of this case from which we are able to say that the district court abused its discretion in refusing to submit to the jury these special findings. (See *Atchison, T. & S. F. R. Co. v. Lawler*, 40 Neb., 356.)

7. The next assignment of error argued here relates to the action of the district court in giving and refusing to give certain instructions. No complaint of this action of the court was made by the insurance company in its motion for a new trial, and the action of the court in this respect cannot be reviewed under an assignment in the motion for a new trial of "errors of law occurring at the trial." (*Graham v. Frazier*, 49 Neb., 90.)

8. A final assignment of error is that the court erred in overruling the motion of the insurance company for a new trial. As the motion for new trial assigns seven grounds the assignment is too general for review. (See *Moore v. Hubbard*, 45 Neb., 612.)

The judgment of the district court is

AFFIRMED.