CHARLES LUKEHART V. STATE OF NEBRASKA.

FILED APRIL 20, 1912.   No. 17,444.

1. **Criminal Law: INSTRUCTIONS: REVIEW.** "The correctness of the ruling of a district court in giving or refusing instructions cannot be considered here unless such ruling is first challenged in the district court by motion for a new trial." *Lackey v. State,* 56 Neb. 298.

2. ——: ——: ——. Defendant was on trial charged with receiving stolen property knowing it to have been stolen. On the trial the court gave an instruction defining the crime of larceny. *Held*, no error.

3. ——: WITNESSES: IMPEACHMENT: REVIEW. A witness was called on the part of the defense in a trial, and against whom a prosecution was pending for stealing the property alleged to have been unlawfully received by the defendant. He denied the theft. On cross-examination he was asked if prior to the larceny he had not stated to another party, in the absence of defendant, that if stolen harness was brought to him he could secrete and dispose of it without detection. He denied the statement. On rebuttal the state was allowed to call the party to whom the statement was alleged to have been made, and he testified to the statement. The evidence was admitted for the purpose of impeaching the witness who denied making the statement. *Held*, if erroneous, it was without prejudice to the defendant.

4. New Trial: NEWLY DISCOVERED EVIDENCE: REVIEW. Where one of the grounds for a motion for a new trial was newly discovered evidence, and the motion was submitted on conflicting affidavits, the decision of the trial court thereon will not be reversed unless manifestly wrong.

5. Trial: QUESTIONS FOR JURY. Questions of fact on conflicting testimony are for the solution of the trial jury.

ERROR to the district court for Thurston county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Thomas L. Sloan* and *Herman Freese,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

REESE, C. J.

This is a proceeding in error by plaintiff in error, whom for convenience will hereafter be referred to as defendant, to reverse the judgment of the district court for Thurston county, by which he was adjudged guilty of having stolen property of the value of $35.50. The county attorney filed an information in the district court consisting of two

counts: The first, charging defendant with having stolen the property; the second, for receiving and buying the same knowing it to have been stolen. At the commencement of the trial the county attorney dismissed the prosecution as to the first count, and defendant was placed upon trial on the second count alone, which charged him with receiving and buying a set of harness of the value of $50, the personal property of John Summers, then and there lately stolen from the said Summers, the said defendant well knowing the property to have been stolen. The jury having returned a verdict of guilty and finding the value of the property to be $35.50, the defendant was sentenced to confinement in the penitentiary for the indeterminate term of from one to seven years.

Complaint is made of the action of the court in the giving of the sixteenth instruction, given by the court upon its own motion. An examination of the motion for a new trial, filed in the district court, discloses the fact that the giving of this instruction was not assigned as one of the grounds of the motion, and by the well-known rule of practice we are precluded from discussing it. *Lackey v. State,* 56 Neb. 298, and cases there cited. Instruction numbered 15 is complained of, but we find no reference to it in the motion for new trial, and it need not be noticed.

Complaint is made of the giving of instruction numbered 8. This instruction defines the crime of larceny. It is insisted that the giving of the instruction was prejudicially erroneous as the accused was not on trial for that offense. There is no objection to the correctness of the instruction as an abstract statement of the law, but it is maintained that, as defendant was not on trial for the larceny, the instruction could not be otherwise than prejudicial. The defendant was on trial for receiving stolen property. Whether the instruction was essential or not, it seems clear that it could work no prejudice to the accused. In order to find defendant guilty, it was necessary that the jury determine from the evidence that a larceny of that

property had been committed. It seems proper that they should be informed of what that offense consisted. The instruction consisted of a simple definition of larceny without any reference to the question then being tried. It was permissible for the court to inform the jury of what the crime consisted in order that they could pass upon the question of defendant's guilt or innocence intelligently.

Objection is made to the ruling of the court on an objection to the testimony of one Albert Laughlin, who was called by the state in rebuttal. A prosecution was pending against Charles Lambert for stealing the harness in dispute. He was called as a witness for the defendant and denied having stolen the property. On his cross-examination he was asked if at a certain time when he and Laughlin were on the road toward Homer he did not say in substance, in the absence of defendant, that if stolen harnesses were brought to him he could dispose of them without danger of detection or apprehension. He denied the conversation *in toto,* and also denied ever being in Laughlin's company on the road named. In rebuttal Laughlin was permitted, over the objection of defendant, to testify to the conversation, the court permitting him to do so on the ground that it tended to impeach the testimony of Lambert. It is not clear to the writer that the evidence should have been admitted in the trial of this defendant, however competent it might be in the prosecution against Lambert. But be that as it may, we are unable to see how the ruling of the court could work any prejudice to defendant. We may assume that the court erred in overruling the objection, and yet the error would not call for a reversal of the judgment if not prejudicial. We are unable to see how his rights could be prejudiced by the admission of the testimony referred to.

One of the grounds contained in the motion for a new trial was that of newly discovered evidence. This is supported by two affidavits, and is to the effect that after the close of the trial in this case the affiants J. E. Beam and Rolland L. Burke were in the county jail where Laughlin

was confined when he was asked why he had testified falsely against defendant, and his answer was that he had "gotten into trouble himself and he was almost crazy to get out of it, and he had to do something, and they had promised to let him go if he would help them to stick these two fellows (Lambert and defendant). Said Laughlin expressly admitted that he had sworn falsely at some one else's request, but did not mention who." The statement attributed to Laughlin is denied by him in the most positive terms in an affidavit. An affidavit was filed by the county attorney showing that Burke had been convicted of a felony, and was confined in the county jail awaiting his commitment to the penitentiary at the time he claimed the statements were made by Laughlin, and had previously been confined in penitentiaries of other states. It will thus be seen that the evidence was conflicting, and at least two of the affiants had been before the court on trial for felonies and convicted. This conflict was for solution by the court, and we cannot say that the finding and decision were wrong. *Russell v. State,* 66 Neb. 497; *Hill v. State,* 42 Neb. 503; *Carleton v. State,* 43 Neb. 373.

The testimony upon the trial was conflicting on many material parts of the case, and this is especially true as to the value of the property and the knowledge on the part of defendant as to it having been stolen, but these questions were submitted to the jury, and their findings thereon will have to stand.

Being unable to detect any error in the record, the judgment of the district court is

AFFIRMED.

LETTON, J., not sitting.