LOUIE CLERNT V. STATE OF NEBRASKA.

FILED FEBRUARY 15, 1923. No. 22931.

Robbery: PRINCIPALS. One who accompanies others to the neighborhood of a bank, and there remains in charge of an automobile with the purpose of aiding in the escape of his companions, who enter the bank and by putting in fear the person in charge thereof take and carry away the money and property of the bank, is present, in the eye of the law, at the place of the crime, and may be held as a principal.

ERROR to the district court for Burt county: CHARLES A. GOSS, JUDGE. Affirmed.

Jamieson, O'Sullivan & Southard, for plaintiff in error.

Clarence A. Davis, Attorney General, and Jackson B. Chase, contra.

Heard before MORRISSEY, C. J., LETTON and ALDRICH, JJ.,RAPER and TROUP, District Judges.

MORRISSEY, C. J.

Defendant prosecutes error from a conviction in the district court for Burt county of a violation of section 9622, Comp. St. 1922, which reads as follows:

"Whoever enters any building occupied as a bank, depository or trust company and by violence or by putting in fear any person or persons in charge of or con-

nected with said bank, depository or trust company with intent to take, steal or carry away any of the money, goods, chattels or other property belonging to or in the care, custody or control of said bank, depository or trust company shall be deemed guilty of a felony and on conviction thereof shall be confined in the state penitentiary not less than ten nor more than twenty-five years."

Numerous assignments of error assailing the information and the proceedings are made, but, with the exception of the question which will be hereinafter discussed, these assignments fall under the rule announced in *Smith v. State, ante,* p. 579, and they will not be further noticed in this opinion.

The information charged that defendant did unlawfully, intentionally and feloniously enter a bank building, which is properly described, and did then and therein unlawfully, intentionally and feloniously by violence and by putting in fear the employee in charge of the bank steal, take and carry away money, goods and chattels.

The only evidence in the record is that presented by the state. It appears that on June 2, 1922, defendant and two others drove from Omaha to Decatur in a coupé; that defendant drove the car into an alley about 325 feet from the bank which was entered; that he remained in the car and kept the engine running while his companions entered the bank and by violence took therefrom a sum of money. When defendant's companions entered the bank, the young lady in charge made an outcry, which aroused a number of the men of the village, who, procuring arms, pursued defendant's associates, who ran to and entered the coupé. Defendant then undertook to drive south through the alley that he and his associates might effect an escape, but found that avenue of escape shut off by citizens who opened fire upon the car. The men within the car returned the fire, but finding it too hazardous to proceed farther south the car was reversed and they attempted to effect

an escape from the alley by way of the north entrance. In the hurry and excitement of the moment the car was jammed against a tree with so much force that defendant was thrown from the car to the ground and he and his companions were captured.

With this state of facts as a basis, it is argued that, if defendant be held for any crime whatever, he must be charged as an accessory, and not as a principal.

The rule is well settled in this jurisdiction that one who incites or instigates the commission of a felony when he is neither actually nor constructively present is an aider, abetter or procurer within the meaning of our Criminal Code. Not so, however, with one who is actually, or constructively, present, aiding and assisting in the commission of the crime.

In *Dixon v. State*, 46 Neb. 298, there is a valuable discussion of the subject, and after referring to the sections of the Code defining the crime of aiding, abetting or procuring another to commit a felony, as well as, too, the crime of being an accessory after the fact, and declaring that these sections are merely declaratory of the common law, it is said that they "do not refer to one who is present when the crime is committed, aiding and abetting the commission thereof. Such a person, at common law and under the Code, is a principal and may be indicted and convicted as such under evidence proving his presence aiding the commission of the crime, although his hand was not the instrument of its perpetration."

In that case defendant was charged with producing an abortion. The evidence disclosed that the instrument was used by a third person while defendant was standing several feet distant watching to prevent surprise or in any other way to assist in the commission of the act. In the instant case, defendant was likewise watching and waiting, evidently in agreement with his companions to assist in the commission of the crime charged in the information. This brought him within the rule and made him a principal equally as responsible as if his

was the hand that aimed the revolver at the employee of the bank, or snatched the money from the till. Clark and Marshall, Law of Crimes (2d ed.) sec. 173; 12 Cyc. 184.

Defendant was sentenced to a term of 15 years in the penitentiary and it is urged that this sentence is excessive. The record does not disclose the previous conduct of defendant, and under the circumstances the court does not feel warranted in reducing the sentence imposed by the trial court. If the sentence is excessive, at the proper time and to the proper board, that matter may be presented.

The record is free from error, and the judgment of the trial court is

AFFIRMED.