### WILBER GARDINER v. STATE OF NEBRASKA.

FILED MARCH 27, 1923. No. 22977.

1. **Robbery:** EVIDENCE. In a prosecution for robbery, the evidence outlined in the opinion *held* sufficient to require the submission of the cause to the jury to determine the guilt or innocence of the defendant.

2. ————: INSTRUCTIONS. In a prosecution for robbery, where there is evidence tending to show that two persons actually confronted the person robbed and by the use of a revolver put him in fear and took from him a sum of money, and that the defendant had furnished the revolver which was used, and at the time of the robbery was standing near-by acting as a "look-out," *held* that the giving of the instruction set out in the opinion was not prejudicially erroneous.

ERROR to the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*C. E. Walsh* and *John M. Berger,* for plaintiff in error.

*Ora S. Spillman, Attorney General,* and *C. L. Dort, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DEAN, JJ., RAPER, District Judge.

MORRISSEY, C. J.

Defendant was convicted in the district court for Douglas county of the crime of robbery, and he prose-

cutes error to reverse the judgment and sentence therein
pronounced upon him.

The first assignment of error urged is the refusal
of the court to instruct the jury to return a verdict of
not guilty. On the evening of May 13, 1922, Asa M.
Hall and Gazema Thomas, while walking upon one of
the public streets of Omaha, were met by two men, one
of whom presented a revolver, commanded them to halt,
and took from Mr. Hall $4. While the two men men-
tioned were in the act of committing the robbery, or im-
mediately thereafter, Miss Thomas saw another man
across the street, who walked rapidly down his side
of the street in the same direction in which the two
men who then confronted Mr. Hall and Miss Thomas
departed after the robbery, and he was seen by Mr.
Hall and Miss Thomas to increase his speed and travel
in the same direction as their assailants. Because of the
darkness Mr. Hall and Miss Thomas were unable to
observe the features of this man, and, upon the trial,
they admitted that they were unable to identify de-
fendant as the party. The case was tried by the state
on the theory that defendant was one of a party of
three, consisting of Thomas Murphy, Thomas Shey-
perski, and defendant, who were jointly engaged in the
enterprise. Shortly after the robbery Sheyperski was
arrested by the police. The following day defendant
was arrested, and the testimony of the peace officers
is to the effect that he told them that he and Murphy
and Sheyperski went out with the purpose of "doing
some stick-ups;" that they took a street car and went
to Benson where they robbed a man; that later they
robbed Mr. Hall; that while Mr. Hall was being robbed
by Murphy and Sheyperski defendant acted as "the
look-out." The evidence also discloses that the revolver
which was used was furnished by defendant. The
statements of defendant were testified to by several
witnesses and were not directly contradicted by any
witness, defendant refraining from testifying in his

own behalf. Murphy and Sheyperski, however, who had plead guilty to the charge, testified in behalf of defendant and completely exonerated him from any connection with the crime. By several members of defendant's family, and two witnesses who were apparently disinterested, defendant undertook to establish an alibi. If the testimony of defendant's witnesses is correct as to the time and place they claim to have seen defendant, he could not have been at the scene of the robbery. However, this testimony must be considered in connection with all the facts established. Murphy and Sheyperski confessed to their part in the crime. It is admitted on all hands that the revolver used was furnished by defendant; that after the robbery it was returned to him and through his agency delivered over to the officers of the law. The statements which he made to the peace officers appear to have been freely and voluntarily made, and he even went with them and gave information which resulted in the arrest of Murphy. It is suggested in the brief that his confessions were wrung from him under "third degree methods," but there is no basis in the record for this assertion. The evidence outlined is clearly sufficient to support the verdict and the court did not err in submitting the cause to the jury.

The further assignment is made that the court erred in instructing the jury as follows:

"Where two or more defendants are charged jointly with the commission of a crime, it is not necessary that it be shown that each of the defendants, or either one of them, when tried alone, actually committed the crime charged.

"It is sufficient if it be shown that the defendants were acting together jointly for the common purpose and that the essential elements of the crime exist as to any of them, in which event all would be equally guilty of the crime, and any one of them may be prosecuted alone."

The instruction was proper under the evidence. 34 Cyc. 1806; 23 R. C. L. 1159, sec. 26.

Other criticisms of the trial have been considered, but no substantial error is found in the record, and the judgment is

AFFIRMED.