ROBERT SCHREINER, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

54 N. W. 2d 224

Filed June 20, 1952. No. 33178.

*Frank F. Aplan* and *Charles A. Fisher,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Robert A. Nelson,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

The plaintiff in error was charged by information with assault with intent to commit rape on a 14-year-old girl. He was tried, found guilty, and sentenced. He brings the cause here by petition in error. He will be hereinafter referred to as the defendant.

We consider the argued assignments in the order in which they arose at the trial.

Defendant contends that the corroborating evidence was insufficient to sustain the verdict.

The applicable rule is: "In a prosecution for assault with intent to commit rape, it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn." Hughes v. State, 154 Neb. 86, 46 N. W. 2d 904.

The evidence of the state is summarized. The prosecuting witness will be referred to herein as the girl, she was 14 years of age. The defendant was 24 or 25 years of age. On July 14, 1951, at 7:30 p. m., the girl met the

defendant on the streets of Rushville. She got into the seat of a truck which he was driving and with him went to the home of some of her friends in that city. They remained there some 15 or 20 minutes. The defendant and the girl in the truck then went east a short distance, left the main road, and turned into a side road which ran roughly parallel to the main road with a distance of 250 or 300 feet between them. There defendant stopped the truck. Defendant put his arm around the girl and pinched her. The girl was dressed on the evening in question in slacks, a blouse, shoes, and a head scarf. Defendant tried to unbutton her slacks. He started to grab her breasts. A fight ensued first in the truck, and the girl jumped out of the truck. Defendant grabbed her, they fought in a ditch along the highway, defendant threw the girl to the ground, held her there, slapped her, she kicked him, and got up and ran across to the adjoining highway, defendant chasing her. During the events in and near the truck, she lost one of her shoes. This evidence as to the occurrences in and near the truck are testified to by the girl. She reached the highway where she was found by a man and woman passing by as she came up on the shoulder of the road. These witnesses testified that she was crying and excited; her hair was disheveled; and she was without one shoe. She told them what had happened. On the same evening and within a few minutes she told her mother what had happened. Defendant was arrested later that evening. The shoe and scarf of the girl were found in his truck. Defendant was advised of the crime with which he was charged. The next day, defendant told the sheriff, "It don't hurt, a guy can try."

We hold that the evidence was ample to sustain the verdict of guilty.

Defendant tendered two requested instructions. The trial court refused to give them. Defendant did not assign this as error in the motion for a new trial.

The rule is: "The correctness of the ruling of a dis-

trict court in giving or refusing instructions cannot be considered here unless such ruling is first challenged in the district court by motion for a new trial." Lackey v. State, 56 Neb. 298, 76 N. W. 561. See, also, Barker v. State, 73 Neb. 469, 103 N. W. 71; Lukehart v. State, 91 Neb. 219, 136 N. W. 40.

During the deliberation of the jury and about 11 a. m., the bailiff furnished a dictionary to the jury, at its request. In a few minutes the court found out about it and required its redelivery. Defendant's counsel was absent, having been excused by the court. At 1:45 p. m., the court in the presence of the defendant and his counsel examined the jury on the matter. The foreman advised the court that they had looked up the definition of a word; that "we didn't get too much out of it"; and all the jurors advised the court that their deliberations had not in anywise been affected by the reference to the dictionary. The court did not stop there, but undertook to explain to the jury why their use of the dictionary was improper. He then told the jury "your verdict must be based alone upon the evidence and the instructions which I gave you; you can use your own general understanding, but not something which you may have gotten from a dictionary or some other source" and that "I want to be sure that you are influenced solely by the instructions given and the evidence here, and not something else."

It seems that before being called to the court room the jury had sent an inquiry to the court as to whether the verdict had to be signed by all of the jurors. The court orally answered: "* * * the foreman alone may sign it, but it must be agreed to and be the verdict of each member." At the conclusion of these matters, counsel for the State and defendant were given leave to examine the jury and had no questions to ask.

The defendant assigns as error the conduct of the jury with reference to the dictionary and error in the giving of oral instructions. Defendant largely relies on

the case of Harris v. State, 24 Neb. 803, 40 N. W. 317. There the jury got possession of a dictionary and the statutes, and used the dictionary to ascertain the meaning of a word. A reading of the decision shows that it turned not upon the use of the dictionary, but upon the use of the statutes to the extent recited in the opinion. In Matters v. State, 120 Neb. 404, 232 N. W. 781, a juror during deliberations produced a dictionary and read from it the definition of some words which were contained in an instruction. We held: "This conduct was highly improper. The jury should have relied solely upon the evidence for the facts, and upon the court's instructions for the law, of the case. Not every violation of the proprieties, however, is sufficient to reverse a judgment. It is only such misconduct of the jury as is calculated to prejudice the substantial rights of the defendant that is ground for a new trial. In Simmons v. State, 111 Neb. 644, this court held: 'Whether a motion for a new trial in a criminal case, based on alleged misconduct of jurors, should be sustained rests in the sound discretion of the trial court, and its ruling on such motion will not be disturbed unless an abuse of discretion is shown.' This ruling was approved and adhered to in Murray v. State, 119 Neb. 16. The record does not disclose that any substantial right of defendant was affected by the alleged misconduct of the jury; * * *."

We reach the same conclusion in the instant case.

The trial court did orally instruct the jury that they were to follow the instructions already given and the evidence. He did orally instruct as to how to sign the verdict. Defendant assigns this as error in violation of provisions of the statutes that require all instructions to be in writing and forbid that they be "orally qualified, modified or in any manner explained to the jury by the court." § 29-2016, R. R. S. 1943.

In Grammer v. State, 103 Neb. 325, 172 N. W. 41, 174 N. W. 507, we considered a number of oral instructions given to a jury. We there adopted the following rule:

" 'The charge or instruction required by law to be reduced to writing is only that which the court may have to say to the jury in regard to the principles of law applicable to the case and to the evidence; and hence an oral statement or communication by the court to the jury, which is rather in the nature of a cautionary direction, and not fairly and strictly a direction or instruction upon some question or rule of law involved in or applicable to the trial, need not be in writing.' "

The instructions here given fall into the classification of those not required to be in writing.

The defendant on his motion for new trial offered an affidavit of a juror that the verdict of guilty had been arrived at by the jury prior to the time the jury was called into court and prior to the oral discussion above summarized. It becomes apparent then by his own showing that he was not prejudiced by what was said by the court.

The judgment of the district court is affirmed.

AFFIRMED.