PRENTICE MILLER, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

113 N. W. 2d 118

Filed February 2, 1962. No. 35094.

*Young & Denenberg*, for plaintiff in error.

*Clarence A. H. Meyer*, Attorney General, and *Bernard L. Packett*, for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

The plaintiff in error, who will be referred to as the defendant, was convicted of robbery under section 28-414, R. R. S. 1943. The defendant's motion for new trial was overruled and he was sentenced to 3 years in the penitentiary.

The assignments of error are that the evidence is not sufficient to sustain the conviction and that the court erred in failing to give certain instructions.

There is evidence from which the jury could find the following facts: On Saturday evening, February 4, 1961, the defendant attended a dance at a youth club in Omaha, Nebraska. After midnight the defendant drove to South Omaha with Leonard Barton and Henry A. Williams. The defendant was driving a 1954 Oldsmobile automobile owned by his nephew, James Walker. At about 1:15 a. m., as they drove south on Twenty-fifth Street approaching the intersection at N Street, they saw an intoxicated man leaning up against a building. Williams said to stop the car and told Barton to come with him. The defendant stopped the car about 20 feet away from where the man was, and Williams and Barton got out. The defendant then turned the car around and parked on Twenty-fifth Street facing north.

The man who was leaning against the building asked Williams and Barton to help him. Williams and Barton helped the man to a parking lot on the corner where they went through his pockets, took his money, and knocked him down. The robbery took place across the

street from where the defendant was and he could see what Williams and Barton were doing. Barton ran back to the automobile where the defendant was, holding the money in his hand, and said to the defendant, "I got the money," gave some of the money to the defendant, and asked the defendant to take him home. Williams dropped some of the money he had taken from the man on the sidewalk and while he was picking it up the police arrived. Williams ran into a dead end between two buildings and was captured.

When the police arrived at the scene of the robbery, the defendant and Barton drove away. They drove around the block several times looking for Williams and then drove north on Twenty-fourth Street. At Leavenworth Street the defendant's automobile was sighted by a police car. At St. Marys Street another police car sighted the defendant's automobile. The police cars had their red lights and spotlights turned on and one car had a siren which was turned on. As the defendant entered the intersection at St. Marys Street, a policeman opened one of the car doors and ordered the defendant and Barton to stop. When they failed to stop, the policeman started shooting at them. North of St. Marys Street, the defendant's car was curbed and it stopped when it hit a building. The defendant and Barton tried to get away but they were handcuffed and taken to the police station. At the police station the defendant gave the name of James Walker and was booked that way.

The theory of the State is that the defendant aided and abetted Barton and Williams in committing the robbery and is guilty as a principal. The evidence established that Barton and Williams committed a robbery. There was evidence that the victim of the robbery was seen trying to get away from two men, one of whom was trying to hold his arm; that one man held him while the other went through his pockets and then knocked him down in the snow; and that he was

frightened. This evidence was sufficient to prove force and violence or putting in fear, and to establish the crime as robbery and not larceny from the person.

The question remaining is whether the evidence was sufficient to show that the defendant participated in the crime. The defendant's theory of the case is that he was an innocent bystander and did not know that Barton and Williams intended to commit a robbery.

A common purpose among two or more persons to commit a crime need not be shown by positive evidence but may be inferred from the circumstances surrounding the act and from the defendant's conduct subsequent thereto. Salyers v. State, 159 Neb. 235, 66 N. W. 2d 576. Participation in criminal intent may be inferred from presence, companionship, and conduct before and after the offense is committed. Callies v. State, 157 Neb. 640, 61 N. W. 2d 370.

In Clernt v. State, 109 Neb. 628, 192 N. W. 209, the defendant was found guilty of bank robbery upon evidence that he waited in a car while his companions robbed a bank and then drove the automobile in the attempt to escape from the scene of the crime. In affirming the conviction this court said: "In the instant case, defendant was likewise watching and waiting, evidently in agreement with his companions to assist in the commission of the crime charged in the information. This brought him within the rule and made him a principal equally as responsible as if his was the hand that aimed the revolver at the employee of the bank, or snatched the money from the till." See, also, Gardiner v. State, 110 Neb. 11, 192 N. W. 946; Williams v. State, 91 Neb. 605, 136 N. W. 1011; Dixon v. State, 46 Neb. 298, 64 N. W. 961.

The evidence in this case was sufficient to permit the jury to find that the defendant aided and abetted Barton and Williams in committing the robbery.

The defendant's other assignments of error relate to the failure of the trial court to give certain instructions.

The defendant does not contend that any of the instructions which were given were erroneous. The defendant complains that the trial court should have instructed as to circumstantial evidence, the testimony of an accomplice, corroboration, and larceny from the person.

Where the trial court has instructed generally as to the issues of a criminal prosecution, error cannot be predicated on its failure to instruct as to a particular phase of the case, where no proper instruction has been requested by the party complaining. Smith v. State, 169 Neb. 199, 99 N. W. 2d 8. In the absence of a request, the trial court is not required to give a cautionary instruction. Fisher v. State, 154 Neb. 166, 47 N. W. 2d 349.

The transcript shows that the defendant requested no instructions and that the motion for new trial did not allege error in the failure of the trial court to instruct upon any of the matters now complained of by the defendant. The correctness of the ruling of a district court in giving or refusing instructions cannot be considered here unless such ruling is first challenged in the district court by motion for a new trial. Schreiner v. State, 155 Neb. 894, 54 N. W. 2d 224.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.