STATE OF NEBRASKA, APPELLEE, v. WAYNE GAU, APPELLANT.

153 N. W. 2d 298

Filed October 6, 1967. No. 36528.

· Alfred A. Fiedler and Stephen E. Sturek, Jr., for appellant.

. ·Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

· Heard before WHITE, ·C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

The defendant Wayne Gau and another party were accused of the robbery of a jewelry store occurring on November 9, 1965, in Douglas County, Nebraska. Two days later the defendant was arrested and on November 15, 1965, complaint was filed against the defendant charging him with such robbery. Warrant was issued and served and on defendant's appearance before the court, the amount of the bail bond required was fixed. Date for preliminary hearing was not fixed until defendant obtained counsel at which time such hearing was set for December 21, 1965. Defendant obtained bail and was released on December 9, 1965. The preliminary hearing was continued and not had until June 22, 1966, at which time defendant was bound over for trial, information filed on June 24, 1966, and trial commenced on September 8, 1966.

Prior to the preliminary hearing, a plea in abatement was filed based upon delay in holding the preliminary hearing. The plea in abatement was overruled. The plea in abatement was renewed at the time of trial in the district court and was again overruled. Defendant contends that the denial of a preliminary hearing for 36 days, extending from November 15 to December 21, 1965, was a violation of section 29-504, R. R. S. 1943, which provides that: "* * * upon the accused being brought before the magistrate, he shall proceed as soon as may be, in the presence of the accused, to inquire into the complaint; * * *." The record in this case is entirely devoid of any explanation for the delay in holding a preliminary hearing and does not reflect that the defendant or his counsel at any time demanded a speedy preliminary hearing. The only clue to the delay in setting the cause down for preliminary hearing on December 21, 1965, is found in the plea in abatement entered by the defendant wherein it is stated: "* * * that no preliminary hearing was set until this Defendant obtained counsel and appeared again before Judge O. M. Olson at which time said prelim-

inary hearing was set for the 21st day of December, 1965." It would appear that any delay was occasioned by the defendant's desire to obtain counsel, was for his convenience, and with his consent. In any event, the right of accused to discharge for failure to receive a speedy hearing or trial is a personal right which may be waived, and it ordinarily is waived if the accused fails to assert his right by making a demand for hearing or trial, by resisting a continuance, or by failing to make some effort to secure a speedy hearing or trial. See, Sheperd v. United States, 163 F. 2d 974; Svehla v. State, 168 Neb. 553, 96 N. W. 2d 649.

For his second assignment of error, defendant contends that items identified as having been stolen at the time of the robbery should not have been received in evidence. It may be pointed out that the theft of property is a necessary element of the crime of robbery with which defendant was charged, and proof regarding the taking, identity, and value of such property is not only pertinent but necessary and required in order to prove the crime. When properly identified, it is always admissible. § 28-414, R. R. S. 1943.

For his third assignment of error, defendant objects to an instruction given by the court on "aider and abettor." Such an instruction is usually proper where two or more parties are charged with the commission of an offense, but in any event, no objection was made to this instruction in defendant's motion for new trial and such assignment of error will, therefore, not be considered in this court. See, Lukehart v. State, 91 Neb. 219, 136 N. W. 40; Schreiner v. State, 155 Neb. 894, 54 N. W. 2d 224; Miller v. State, 173 Neb. 268, 113 N. W. 2d 118.

No error appearing, the judgment of the district court is affirmed.

AFFIRMED.