STATE OF NEBRASKA, APPELLEE, v. EUGENE PAUL OZIAH, APPELLANT.
STATE OF NEBRASKA. APPELLEE, v. EUGENE PAUL OZIAH, APPELLANT.
156 N. W. 2d 31

Filed February 2, 1968. Nos. 36661, 36662.

John S. Elliott, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The defendant, Eugene Paul Oziah, was convicted on two counts of robbery and sentenced to 15 years on each count, sentences to run concurrently.

On January 22, 1967, Mr. and Mrs. Arlin F. Blome and their daughter were at their farm home near Clatonia, Nebraska. An automobile was driven into the

farm yard. Mrs. Blome answered the doorbell and was confronted by three men, one of whom was the defendant, who thrust a gun into her face. She attempted to close the door, but the men forced their way into the house and forced Mrs. Blome into a chair in the living room. One of the men caught the daughter when she attempted to run and forced her to sit on her mother's lap. Mr. Blome, who had been outside, entered the house and was attacked by the defendant. One of the other men then held a knife at the back of Mr. Blome's neck and forced him to sit in a corner of the room. The men asked the Blomes where their money was and whether there were any guns. The Blomes told them that the guns were in a son's room; that Mr. Blome's billfold was in the desk drawer; and that Mrs. Blome's money was in a bedroom in a jewelry box and in her purse. The men started ransacking the house. The defendant held a gun on the Blomes in the living room and opened some drawers in the living room buffet and threw things on the floor. The Blomes saw one of the other men take $2 from Mr. Blome's billfold. Thereafter, one of the men tied the Blomes with clothesline rope and told them to lie on the floor. The three men then left the Blome farm. The Blomes managed to release themselves and discovered a number of items were missing. They included Mr. Blome's watch and ring, bolts from guns, a revolver, a flashlight, 30 shells, Mrs. Blome's diamond and watch, and $45 in money.

The defendant's position is that the evidence did not establish that he personally committed the acts which constitute the essential elements of robbery.

The above summary of the evidence establishes beyond any question that the defendant was an active participant with the two other men in the commission of the crime. It would be difficult to find a case in which a common purpose could be more clearly established. See, Miller v. State, 173 Neb. 268, 113 N. W. 2d 118; State v. Knecht, 181 Neb. 149, 147 N. W. 2d 167. The jury

was properly instructed that one aiding and abetting in the commission of an offense is liable as a principal under section 28-201, R. R. S. 1943. The evidence was more than sufficient to establish all the essential elements of the crime, and fully supports the conviction of the defendant.

The judgment is affirmed.

AFFIRMED.