BERNARD DRUCKER, SPECIAL ADMINISTRATOR OF THE ESTATE OF BESSIE MAE DRUCKER, APPELLEE, v. GOSCAR, INC., A CORPORATION, APPELLEE, IMPLEADED WITH BETHEL HOMES, INC., A CORPORATION, APPELLANT.

168 N. W. 2d 534

Filed June 6, 1969. No. 37117.

Baylor, Evnen, Baylor & Urbom and J. Arthur Curtiss, for appellant.

Matthews, Kelley, Cannon & Carpenter and Keenan & O'Neal, for appellee Drucker.

Fitzgerald, Brown, Leahy, McGill & Strom, for appellee Goscar, Inc.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Bessie Drucker, a hemiplegic receiving care from Bethel Homes, Inc., defendant, fell while a nurse's aide was moving her from bed to wheel chair. The fall led to Bessie's personal injury claim on which a jury returned a verdict for defendant. Her motion for a new trial was sustained without specification of reasons. Defendant appeals. Plaintiff contends that the evidence established defendant's liability as a matter of law and that evidentiary rulings and an instruction were prejudicially erroneous.

Mary Burns, a nurse's aide in defendant's home at Exeter, Nebraska, undertook on February 21, 1966, to move Bessie, age 67. She knew that Bessie, victim of a stroke in 1962, could not use either left limb or sit

up by herself. Mary had been moving Bessie to wheel chairs approximately 9 times a week since October 1, 1965.

During the movement Margaret Nordmeyer, a nurse's aide, was standing behind a wheel chair at the foot of the bed. Bessie was set up on the side of the bed, right leg touching the floor and right arm encircling Mary's neck. Mary toed a line parallel with the bed, her feet wide apart, and her arms around Bessie's waist. When she heard Bessie's statement of readiness, Mary pulled up and back and moved her right foot back several inches. The work which transferred the load from bed to right leg quickly brought Bessie to a standing position. Mary, however, could not stop the motion. The women fell together, Bessie atop Mary, away from the wheel chair. Extension of the line on which they lay to a line along the side of the bed formed an angle of 70 degrees. Bessie, the only one injured, voiced no criticism. She anxiously asked whether Mary was hurt, and upon reassurance she broke into laughter.

Bessie preferred Mary's assistance, although she outweighed Mary, 200 to 112 pounds. She complained of pain on pressure at her left armpit and on use of a Hoyer lift, a hydraulic sling device. A nurse's aide of Mary's size, according to expert testimony, was physically qualified to move Bessie, for strength is requisite. Positioning of the feet is of course important. At the trial Mary did not recall whether she had moved either foot subsequent to beginning the transfer and prior to losing balance. Margaret ascribed the fall to Bessie shifting weight and to Bessie's right leg bending. On the other hand, Mary conceded that Bessie had cooperated fully and that the leg had not given way. She could not account for the accident. Bessie, near death, could not testify.

A jury might reasonably find from the evidence that defendant was not negligent.

The record of two evidentiary rulings is as follows:

Margaret testified on direct and cross-examination that she had moved Bessie by herself. Over plaintiff's objection of immateriality and irrelevance she affirmatively answered this question on cross-examination: "Was this the way you were taught to do it?"

A question defendant's counsel put to Martha Maseman, an expert witness, assumed Bessie had made "complaints of pain upon movement of the left or paralyzed arm." No evidence justified the hypothesis, but the court overruled plaintiff's objection which was timely, specific, and well taken. Martha's lengthy answer, however, seems remote from the unsupported hypothesis in comparison with pain at the left armpit. Both rulings were free of prejudicial error. See Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772.

The contention about instructional error concerns No. 8 in which the court defined the standard of conduct required of defendant. Plaintiff attempted to raise the objection in the motion for a new trial by general assignment under section 25-1142(8), R. R. S. 1943. It was insufficient. An assignment in a motion for a new trial that errors of law occurred at the trial does not present the correctness of giving or refusing instructions. Phoenix Ins. Co. v. King, 52 Neb. 562, 72 N. W. 855.

The judgment is reversed and the cause remanded with directions to reinstate the verdict and to render judgment on the verdict.

REVERSED AND REMANDED WITH DIRECTIONS.