STATE OF NEBRASKA, APPELLEE, v. WILLIAM TOLLE, APPELLANT.

194 N. W. 2d 567

Filed February 10, 1972.   No. 38182.

Joseph D. Martin, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

A jury found defendant guilty of the unlawful sale of marijuana. He received an indeterminate sentence of imprisonment for 2 to 5 years. We affirm the judgment of conviction but reduce the sentence.

As assignments of error, defendant charges the evidence is insufficient to sustain the conviction, the failure to give a requested cautionary instruction regarding the testimony of private detectives, and excessiveness of the sentence.

The evidence was conflicting but two witnesses testified to the sale of marijuana by the defendant. A jury question was presented which was resolved unfavorably to defendant. We cannot agree that the evidence was materially lacking in probative force. "In a criminal case this court will not interfere with a verdict of guilty based upon the evidence unless it is so lacking in probative force that we can say as a matter of law that it is insufficient to support a finding of guilt beyond a reasonable doubt." State v. Goodwin, 184 Neb. 537, 169 N. W. 2d 270.

Defendant's motion for new trial assigns as error "errors of law occurring at the trial," but fails to mention the failure to give the requested cautionary instruction. Under such circumstances, this assignment cannot be considered on appeal. "An assignment in a motion for a new trial that errors of law occurred at the trial does not present the correctness of giving or refusing instructions." Drucker v. Goscar, Inc., 184 Neb. 475, 168 N. W. 2d 534. See, also, Robinson v. Meyer, 165 Neb. 706, 87 N. W. 2d 231. "The correctness of the ruling of a district court in giving or refusing instructions cannot be considered here unless such ruling is first challenged

in the district court by motion for a new trial." Schreiner v. State, 155 Neb. 894, 54 N. W. 2d 224. See, also, Miller v. State, 173 Neb. 268, 113 N. W. 2d 118; State v. Gau, 182 Neb. 114, 153 N. W. 2d 298.

Defendant was convicted and sentenced under section 28-472.04 (3), R. S. Supp., 1969, which fixed a penalty of not less than 2 nor more than 5 years imprisonment. The penalty has since been reduced to not less than 1 nor more than 5 years. See § 28-4,125, R. S. Supp., 1971. In view of the statutory change and the fact that defendant's record was good prior to the commission of this offense, the sentence is modified or reduced to imprisonment for not less than 1 year nor more than 5 years.

The judgment of the district court is affirmed as modified.

AFFIRMED AS MODIFIED.