JULIA C. BENSON, APPELLEE, v. HERMAN B. PETERS,
APPELLANT.

FILED JULY 17, 1908. No. 15,173.

Master and Servant: ACTION FOR INJURIES: DIRECTING VERDICT. In an
action to recover damages for a personal injury, the defendant
is entitled to a directed verdict when the evidence is insufficient
to show that the alleged negligence was the proximate cause of
the injury.

APPEAL from the district court for Douglas county:
WILLIAM A. REDICK, JUDGE. *Reversed.*

*Greene, Breckenridge & Matters,* for appellant.

*Weaver & Giller, contra.*

EPPERSON, C.

The plaintiff was a chambermaid in the employ of the
defendant, who was the owner and proprietor of a hotel.
Plaintiff and other employees were required to take their
meals in the kitchen, which they reached by taking the
elevator to the basement, thence walking up a flight of
stairs. The elevator had two compartments; one used for
passengers, and below that was a cage used for freight.
By reason of the peculiar construction of the elevator and
shaft, the passenger compartment did not reach the floor
of the basement, so that plaintiff and her fellow servants
would ride in the freight cage. The floor of this did not
go to a level with the basement floor, but reached within
22 inches of the same. In leaving this freight elevator,
the employees would step first upon a substantial board
step 15 inches wide and 8 inches below the floor of the
elevator, thence to the floor of the basement. Plaintiff
charges defendant with carelessness on account of his
failure to provide a sufficient light in the basement, on
account of which negligence she slipped and sprained her
ankle, and was otherwise severely injured. There was an

electric light bulb in the basement, which was sufficient to furnish light, but at the time of the accident it was not lighted. She sued to recover damages, and obtained judgment in the court below, from which defendant appeals.

On direct examination the plaintiff testified, substantially, that, when she stepped from the elevator upon the board step, she slipped and sprained her ankle. On cross-examination she described the event in detail as follows: "Q. You were in a hurry to get out? A. We were in a hurry. Q. You slipped on this board that is 15 inches wide? A. Yes, sir. Q. Did you slip off of the board onto the floor? A. No; I slipped on the board. Q. You did not slip from the board onto the floor? A. No; I came near falling. Q. You did not fall? A. No; I didn't fall, but I came near falling." There is no evidence in the record that there were any obstructions in the elevator or upon the step on which the plaintiff slipped, nor that the step was out of repair or that any unusual conditions whatever prevailed. Plaintiff had been in the habit of going to the basement in this manner at least three times a day for ten months, and frequently she would find the basement dark. The usual conditions were not such that a light was required for the safe passage of one familiar with the premises. The plaintiff's injury was received when she stepped down but eight inches upon a step with which she was familiar. The sum of the evidence intended to connect the alleged carelessness with the injury is that the basement was dark, and that the plaintiff slipped and sprained her ankle. There is no evidence indicating that the darkness was responsible for the injury. The alleged carelessness has not been shown to be the proximate cause of the injury sustained. Upon the conclusion of plaintiff's evidence, the defendant moved the court for a directed verdict. The court erred in refusing this instruction, and we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and this cause remanded for further proceedings.

REVERSED.

REESE, J., dissenting.

It is not necessary that I enter upon a full discussion of the evidence in this case. The verdict was for $250, which clearly indicates that it was not the result of sympathy, passion or prejudice. No objection is found to the rulings of the court during the introduction of the evidence, nor to any of the instructions given to the jury for their guidance in their deliberations. In addition to the oral evidence introduced upon the trial the jury were sent to the place where the alleged accident occurred and an examination of the premises was made by them. It was shown and conceded that there had been no change in conditions at and surrounding the elevator, but that they were the same in all respects as when plaintiff alleges that she received the injury complained of. The investigations and observations of the jury constituted a part of the evidence in the case. I am wholly unable to see why the verdict should be molested.