KATHERINE MONTGOMERY, APPELLEE, V. HARRY M. MILLER, APPELLANT.

FILED MARCH 5, 1909. No. 15,531.

Assault and Battery: INSTRUCTIONS: HARMLESS ERROR. In an action by a married woman for damages caused by an assault and battery, it is *held* not prejudicially erroneous, under the issues and evidence submitted, for the court to instruct the jury that they might consider any loss of earning capacity which might have been caused to plaintiff by the assault, if the jury found in her favor.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Clark & Allen* and *R. C. Ozman,* for appellant.

*Talbot & Allen* and *Hainer & Smith, contra.*

REESE, C. J.

This is an action to recover damages for personal injuries sustained by plaintiff by reason of an alleged unprovoked assault made upon her by defendant, which she avers consisted of striking, seizing and violently pushing her upon and against certain chairs, furniture and fixtures and upon the floor, whereby she was seriously hurt and injured, both externally and internally; that at the time of the alleged assault she was the wife of George P. Montgomery, with whom she was living, and was then pregnant, and by reason of the injuries inflicted upon her she was caused to miscarry and give premature birth, the child being still-born. The petition contains the usual allegations as to the injury and damage resulting from the alleged assault. The expenses of nurses and physician were also alleged. The answer is a general denial. A jury trial was had, which resulted in favor of plaintiff for the sum of $2,000, and upon which judgment was ren-

43

dered; a motion for a new trial being overruled. The case is brought to this court by appeal.

There was a direct irreconcilable conflict in the evidence upon every material part of the case, but the jury adopted the plaintiff's version as the true one. The motion for a new trial and the assignments of error in this court include a number of grounds. It is considered necessary to notice but one; the others being deemed to be without merit. It is contended that the giving of the seventh instruction, given by the court upon its own motion, was prejudicially erroneous. It is as follows: "In the event that you find from the evidence and under these instructions in favor of the plaintiff, then you will assess her such damages as will compensate her for the injuries received. You will allow her no speculative damages or damages by way of punishment, but such as are compensatory merely. You may take into consideration the character of her injuries, and whether they were the proximate cause of the miscarriage which she later had, and any physical or mental pains and sufferings occasioned thereby, and any loss of earning capacity which has been caused thereby. In this connection you are instructed that the plaintiff cannot recover for loss of service or companionship which belonged to the husband, or for such incapacities sustained by her which prevented her performing the duties that reasonably devolved upon her in the marriage relation. For such elements the husband alone can recover. On the other hand, should you find for the defendant, you will so say by your verdict."

The particular part of the instruction to which objection is made is that part which directs the jury to consider "any loss of earning capacity which has been caused thereby." The basis of the assault upon this language is that there was no averment nor testimony showing the extent of the earning capacity of plaintiff before the alleged injury. It is alleged in the petition that by reason of the assault and resulting injury she "became permanently sick, lame and disordered, and has since been unable to attend her ordi-

nary duties and business, and was compelled to employ the services of nurses and physicians," etc. The evidence as to the earning capacity of plaintiff, or what she was engaged in before the date of the alleged assault, is very meager. Her husband testified that at that time one person was boarding with them, and on account of her sickness and inability to perform her duties the boarding of that person had to be discontinued, and plaintiff testified to having gone to the theater (defendant's place of business) to sell tickets for him. Neither one was cross-examined upon these subjects. Section 4, ch. 53, Comp. St. 1907, provides that the earnings of any married woman from her labor or services shall be her sole and separate property. This, when considered in the light of all the evidence in the case, would probably be sufficient to excuse the use of the language in the instruction. However, we do not think the phrase made use of could work any prejudice to defendant, and this is especially true, since the jury were so clearly instructed that she could not recover for loss of service to which the husband was entitled, or for such incapacities as would prevent her performing the duties that reasonably devolved upon her in the marriage relation. Any other holding, under the law of this state, would be too narrow and technical to admit of justification. We find no prejudicial error in the instruction.

One of the errors assigned, both in the motion for a new trial and in the assignments here, is that the verdict is excessive. This is not discussed in the briefs, and was not argued at the bar, and must therefore be considered as waived.

The judgment of the district court is

AFFIRMED.