Wilson v. Thayer County Agricultural Society.

---

BETTY JEAN WILSON, APPELLEE, V. THAYER COUNTY AGRICULTURAL SOCIETY ET AL., APPELLANTS. *

FILED MAY 7, 1927. No. 24996.

1. **Agriculture:** COUNTY AGRICULTURAL SOCIETIES: STATUS. A county agricultural society organized under section 6, art. I, ch. 1 (secs. 1-80) Comp. St. 1922, has the power to sue and be sued, and is not a governmental agency exempting it from liability for torts, nor is it such part of the county organization as to require it to be sued in the name of the county.

2. **Evidence:** EXHIBITION OF INJURIES TO PERSON: DISCRETION OF COURT. The extent to which one suing for damages for personal

---

* See note, 37 Yale Law Journal, 113.

injuries.may be allowed to exhibit, the evidence of such injuries to the jury on the trial is a matter largely of discretion of the trial court. *Held*, in the instant case, that this discretion was not abused.

3. **Negligence.** In the circumstances shown by the evidence in this case, "the negligence of a parent * * * cannot be imputed to an infant who is injured through the carelessness of another party." *Huff v. Ames*, 16 Neb. 139.

4. **Master and Servant: LIABILITY OF MASTER.** It is the duty of one who does in person, or causes to be done by another, an act which from its very nature is liable, unless precautions are taken, to do injury to others, to use reasonable care that those precautions are taken; and he cannot escape his duty by turning the whole performance over to a contractor. When the work is one that is likely to result in injury to others unless preventive measures be adopted, the employer cannot relieve himself from liability by employing a contractor to do what was his duty to do, to prevent such injurious consequences.

5. ————: **LIABILITY.** A principal is liable to third persons for misfeasances, negligence and omissions of duty of his agent, and the agent is also liable to third persons for his own misfeasances and positive wrongs. But the agent is not ordinarily liable to third persons for his own nonfeasances or omissions of duty in the course of his employment.

APPEAL from the district court for Thayer county: ROBERT M. PROUDFIT, JUDGE. *Affirmed in part, and reversed in part.*

*M. H. Weiss* and *Lloyd Dort,* for appellants.

*J. T. McCuistion* and *Hartigan & Fouts,* contra.

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, and EBERLY, JJ.

GOSS, C. J.

Betty Jean Wilson, a minor, suing by Taylor Wilson, her father, had judgment for $3,500 against Thayer County Agricultural Society and others for personal injuries, and the defendants appealed.

The evidence shows the plaintiff, then two years old, was taken by her father and mother on the evening of Sep-

Wilson v. Thayer County Agricultural Society.

tember 1, 1921, to attend the county fair at Deshler in Thayer county. Admission fees were paid by the father and mother to the grounds and to the grandstand. No fee was paid or asked for the child, who was carried by the father. With others gathered in the grandstand at the fair grounds they were witnessing a fireworks exhibition provided by the society. It was charged in the petition, and there was evidence to prove, that during the course of the setting off of the fireworks in front of the grandstand from a point some distance across a race track, a ball of fire or sparks therefrom came over into the grandstand and alighted on the dress of the little girl below her chin, while she was lying on her father's arms. This set fire to her clothing and before the fire was extinguished she was badly burned and permanently injured. A few seconds previously a baby buggy near-by had been so set on fire in the grandstand near the seats of the Wilsons. At the time of the trial the area of a large portion of plaintiff's breast showed that it was burned over and there were deep scars on her neck and chin. A well-known surgeon who examined her testified that the scars on her neck and breast carried through the skin and fatty layer beneath the skin, into the deep *fasciæ,* or internal structure of the connective tissues, of the neck and breast; certain plastic surgery may release the deep adhesions and contractions, but there will always be a mottled appearance of the skin; by proper exercise she is stretching the scars and relieving some of the deformity of posture caused by their presence.

The Thayer County Agricultural Society was organized under section 6, ch. 1, Comp. St. 1922, by virtue of which, whenever 20 or more persons, residents of a county, shall organize themselves into a society for the improvement of agriculture, and shall have adopted a constitution and by-laws and shall have raised not less than $50 in any one year and certified the amount to the county clerk, the county board shall levy a tax upon assessable property,

not exceeding three-fourths of a mill, or sufficient to pay a certain amount, dependent upon the population of the county, and shall pay the amount of taxes collected thereon to the treasurer of such agricultural society. Each county society has the power of eminent domain, limited to the appropriation of not to exceed 40 acres of land; and to have as an *ex officio* member of the state board of agriculture either the president of the society or an accredited delegate. Section 57 of the same chapter provides that counties in their organized governmental capacity may establish and maintain county fairs by going through certain procedure and by vote of the people of the county, as provided in subsequent sections, but the defendant society was not such.

In support of their first assignment of error, the defendants argue that the court erred in receiving any evidence over their objection, on the theory that the proceeding is one in reality against the county, and that this society is a part of the county organization and as such exercises authority of sovereignty and is a governmental agency. If the county itself had organized the society under authority of a vote of the people, by the power granted by the legislature in section 57. *supra,* that objection might have pertinence. That question, however, is not before us, and is not decided here and is merely stated for the purpose of aiding a decision as to what was the legislative intent when the present society was provided for by legislative enactment. The legislature separately provided for agricultural societies organized by individuals and for agricultural societies organized by counties as conductors of fairs. Each must be separately tested as to its liabilities under the law. Defendants cite cases to the effect that mandamus will lie to compel the county board to act on a claim for a statutory allowance for the benefit of a county fair organized as this defendant was. That is true, but it is because such a claim is a claim against the county and must first be presented to the county board, upon whom the law places the

duty of passing on claims against a county, and, if disallowed, the jurisdiction to hear the case on appeal then resides in the district court, which does not have jurisdiction in the first instance. In such a case mandamus lies to compel the county board to perform its plain administrative duty to pass on the claim one way or the other; but the fact that a society may successfully invoke mandamus against a county does not of itself prove that the society is a governmental agency. Tested by the dominion actually exercisable by the county, the argument also fails, for the county had no control over the society either in law or in fact in the character of exhibition put on by the society or in the manner of its execution.

Defendants cite *State v. Robinson*, 35 Neb. 401, as authority for the conclusion that an agricultural society is a governmental agency and therefore supports the proposition that the suit here should have been instituted against the county. While in that case the court said that "agricultural societies are not corporations within the ordinary meaning of the term, but rather agencies adopted by the state for the purpose of promoting the interests of agriculture and manufacturing," yet the case bears internal evidence to refute defendants' application of it to the point in issue. It was a case where the agricultural society was suing the county to require the county to provide funds to pay the society the amount fixed by statute as due the society from the county. If plaintiff is capable of suing, it is, in the absence of a prohibitory statute, likewise capable of being sued; it is a separate entity from the county. It is adopted by the state or fostered by the state in the sense that the legislature provided for its creation and for certain uniform sustenance for the purpose of promoting the interests of agriculture. It is an agency in the generic definition of that word, but it is not an agent in the legal sense that can bind a governmental principal and itself be relieved from liability on its own contracts or for its own torts on the ground that it is a governmental agency as that term

is legally understood. The legislature never intended to
limit the amount that could be paid by the county to sup-
port this society and at the same time, by implication, to
make it an agency that could subject the county to suits
for its acts. It follows that the court did not err in re-
fusing to receive evidence on the ground assigned.

Defendants complain that the court, during the exami-
nation of the mother as a witness, permitted the injuries
of the child to be viewed by the jury for a period of 5 to
12 minutes. No objection was made to the exhibition, but
merely to its length and to the use of her to illustrate the
questions put to the mother and her answers. We do not
find from the character of the evidence and what happened
there, as shown by the record, that the court in any way
abused its discretion or that the jury were likely to be
stirred up unduly by this view of the child.

As to the complaint that the damages awarded are ex-
cessive, it appears, in addition to the scars as heretofore
briefly described, from the evidence, that plaintiff was in
the hospital and otherwise undergoing treatment for these
burns for a long period. From her neck to her inter-mam-
millary line, the skin was burned off and the tissues were
deeply involved so that nearly all of that area was disfigured
in addition to the deep horizontal scar across the neck under
the chin. The pain endured by this little child, just at the
age when speech begins to dawn, must have been like the
inarticulate suffering of some stricken animal. Her physi-
cal disability had not ended at the time of the trial three
years later. She will always, to some degree, bear the
stamp of the flame. It seems to us, therefore, that the find-
ing of the jury on this point shows that the jury were
not inflamed by the exhibition of the child at the trial and
manifested restraint in their assessment of damages.

Considerable space in defendants' brief and argument is
devoted to a discussion of the alleged error of the court in
receiving evidence and rejecting evidence, and relating to
instructions concerning the relation of the parent to the

child.  The plaintiff grounded her case, and the court sub-
mitted it to the jury, on the theory that the agricultural
society was negligent in the manner of exploding or direct-
ing the handling and exploding of its fireworks, and that
it did not furnish her a reasonably safe place to sit with
her parents to view the fireworks, in that the portion of
the grandstand where they were seated was not provided
with proper screens to prevent dangerous missiles from en-
tering the grandstand, though some of the grandstand was
so protected by a wire backstop.  The defendants' theory
of the law is that there was notice to the parents of the
dangerous character of the place before the child was in-
jured, and that the child should have been removed before
the accident occurred.  While, in the action of a father for
his own benefit to recover damages which he has suffered
by reason of injury to his child, his own negligence con-
tributing to the injury may defeat his recovery (*Tucker v.
Draper*, 62 Neb. 66) yet, under the rule long in force in
this state, "The negligence of a parent * * * cannot be
imputed to an infant who is injured through the careless-
ness of another party."  *Huff v. Ames*, 16 Neb. 139; *Tucker
v. Draper*, 62 Neb. 66; *Hajsek v. Chicago, B. & Q. R. Co.*,
68 Neb. 539.  While the cases do not entirely agree on this
point, this is the majority view and the great weight of
authority.  15 A. L. R. 414, note; 20 R. C. L. 155, sec. 129.

The society had a written contract with North American
Fireworks Company of Chicago to exhibit displays of fire-
works four nights of the fair.  This injury occurred on the
third night.  The society, among other things, furnished
and paid helpers to erect the necessary supports for the
fireworks and to aid in setting them off, though the expert
direction was by a man sent by the company for that pur-
pose.  The defendants strenuously insist that the fireworks
company was an independent contractor, and that the de-
fendants, therefore, are not liable for any tort that may
have been committed through the contractor's negligence;
and that the trial court erred in holding as a matter of

law that the evidence was insufficient to submit the case
to the jury on that theory of defense. The meaning of
what is an independent contractor is not readily susceptible
of precise or fixed definition to fit all cases that may arise.
Each case must be determined on its own facts. Here, at
the best that might be stated truly for the society, there
was interwoven the duty of the fireworks company in pre-
senting the exhibition and the duty of the agricultural so-
ciety to furnish a reasonably safe place for its invited
spectators. And that leads us to say here that, in the cir-
cumstances, we do not consider the plaintiff a trespasser or
at best a mere licensee, as described by the defendants, but
rather an invitee, even though no admission fees were actu-
ally paid for her. By the act of the society in admitting a
child of her tender years, in the arms of a parent, past
the cashiers of the outer gate of the grounds and the inner
gate of the grandstand, a portion of the admissions paid
by those in charge of her will, if necessary, be considered
attributable to her. One of the most applicable discussions
on the defense of independent contractor is found in our
own reports. It arose in the suit of an infant of five years
against an exposition company and its officers and against
a fireworks company, and the same defense of independent
contractor was interposed as a matter of law on demurrer.
*Bianki v. Greater American Exposition*, 3 Neb. (Unof.)
656. In the opinion the court said:

"While it has often been held that the owner of premises,
who has put an independent contractor in charge thereof,
is relieved from liability for damage to persons injured
by the acts of such independent contractor, on the other
hand it is the duty of every one who does in person, or
causes to be done by another, an act which from its very
nature is liable, unless precautions are taken, to do injury
to others, to see to it that those precautions are taken; and
he cannot escape his duty by turning the whole perform-
ance over to a contractor. * * * The distinction is, when
the work is one that will result in injury to others unless

Wilson v. Thayer County Agricultural Society.

preventive measures be adopted, the employer cannot relieve himself from liability by employing a contractor to do what it was his duty to do, to prevent such injurious consequences. It is one's duty to so conduct his own business as not to injure another, and this duty continuously remains with the employer."

Having employed the fireworks company to put on the exhibition and having furnished and paid part of the help in erecting and exploding the fireworks, the society cannot now say that its agent to do this work was an independent contractor and thus escape liability for any failure to do its duty, provided that failure is proved and submitted to the jury in due form.

The suit was against the defendants Thayer County Agricultural Society, Adam Kahle, Henry C. Struve, Paul Grupe, Richard W. Rodenburg, John Albrecht, George Barthel, Edward J. Mitchell, Albert Caughey, and Edward R. Henrichs. The court instructed the jury that the action had originally been brought against all of them, but that at a former trial the defendants Struve and Barthel had been relieved of liability by order of the court. The other defendants complain of this instruction. We fail to see how it prejudiced the other defendants both as the case then stood and by reason of our following discussion. The remaining personal defendants assign error in the failure of the court to eliminate them for lack of evidence of their personal liability. The amended petition describes these defendants as "the officers, directors and managers of the defendant association," but does not allege any specific acts done by them or any one of them; nor do we find in the brief of appellee any reference to evidence proving any specific acts of these defendants showing that they participated in any acts of malfeasance toward the plaintiff, except they were managers and directors of the society. While this is a law case and we are not trying it *de novo* and we are under no obligation to read the evidence save as pointed out, yet the writer has searched the record in

vain, seeking specific evidence on which the personal defendants were held by reason of any active participation in the matter. It would seem, therefore, that the only ground on which they could be liable would be for nonfeasance; that is, for their failure as directors and managers to furnish a reasonably safe place to view the exhibition, or to see, as such officers, that the duty of the society to use reasonable care not to injure a spectator by sending explosives into the place provided for the spectators was done. We do not understand that to be the rule of law applied to defendants in their situation. The society was the principal. These defendant officers were its agents charged as such with the execution, in the scope of their employment, of such duties as belonged to their principal. In discussing the liability of agents for torts Judge Story says: "The law upon this subject as to principals and agents is founded upon the same analogies as exist in the case of masters and servants. The master is always liable to third persons for the misfeasances and negligences and omissions of duty of his servant, in all cases within the scope of his employment. So the principal, in like manner, is liable to third persons for the like misfeasances, negligences and omissions of duty of his agent, leaving him to his remedy over against the agent in all cases where the tort is of such a nature as that he is entitled to compensation. * * * The agent is also personally liable to third persons for his own misfeasances and positive wrongs. But he is not, in general (for there are exceptions), liable to third persons for his own nonfeasances or omissions of duty, in the course of his employment. His liability, in these latter cases, is solely to his principal." Story, Agency (9th ed.) sec. 308, citing *Henshaw v. Noble*, 7 Ohio St. 226. In *Bianki v. Greater American Exposition, supra,* this court held that in a similar case the directors and officers were not liable for the negligence of the special agent employed to do the work. So, we conclude that the court ought to have sustained the several motions of the individual personal de-

fendants to direct a verdict or for a judgment in their favor. The brief on behalf of the defendants discusses a large number of other errors assigned in relation to the instructions of the court and instructions requested by the defendants, but refused by the court, as well as some propositions aside from the instructions. The necessity for discussing many of these has already been eliminated by what we have heretofore said and particularly by our release of the individual defendants; the others were not, in our opinion, the cause of prejudicial error as to the remaining defendant, and it would serve no useful purpose to discuss them and thus prolong this already necessarily extended opinion. It follows that the judgment of the trial court should be affirmed as to Thayer County Agricultural Society; and as to the other defendants it should be, and is, reversed, with directions to enter judgment of dismissal in favor of the individual personal defendants.

AFFIRMED IN PART, AND REVERSED IN PART..