GLEN MEYER, A MINOR, BY GEORGE MEYER, HIS FATHER AND
NEXT FRIEND, APPELLANT, V. HARTFORD BROTHERS
GRAVEL COMPANY ET AL., APPELLEES.
14 N. W. 2d 660

FILED JUNE 2, 1944. No. 31781.

*Rosewater, Mecham, Shackelford & Stoehr*, for appellant.

*Brown, Crossman, West, Barton & Fitch, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is an action to recover damages for personal injuries sustained in an automobile accident. At the close of plaintiff's evidence the trial court directed a verdict for the defendants and dismissed the action. The plaintiff appeals.

The plaintiff, a boy 16 years of age, brings the action by his father and next friend. The evidence shows that on August 12, 1942, at about 9:15 a. m. plaintiff was proceeding north on highway No. 275 at a speed of 35 or 40 miles an hour. The highway was paved, level and dry and protected by stop signs at highway intersections. The day was clear and visibility good. As plaintiff approached the point where the highway intersected with county highway No. 33, he observed the defendants' truck in the middle of, and moving across, the intersection from west to east. When plaintiff first observed the gravel truck he was about 40

feet from it. He testifies that he was traveling at a rate of speed that did not permit his stopping before he struck the truck. He swerved his car to the left side of the highway in an attempt to pass behind the truck, with the result that the collision occurred in the southwest quadrant of the intersection. Both vehicles continued in a northeasterly course and came to a stop on the north side of highway No. 33, plaintiff's car coming to rest 14 feet east of the pavement on highway No. 275 and the truck 33 feet east thereof. Plaintiff testifies that when he first saw the truck it was half way over the center line of highway No. 275. There is no evidence in the record concerning the speed of the truck or of the manner of its operation. There is evidence that a growth of weeds and willows obstructed plaintiff's view to his left. That the plaintiff sustained serious injuries is not questioned. The ownership of the truck by defendants and its operation by Monford Meier as their employee in the course of his employment is admitted by the pleadings. Upon this evidence the trial court directed a verdict for defendants. The question before us is the correctness of this ruling.

In reviewing the correctness of the order sustaining the motion for a directed verdict we are required to assume the existence of every material fact which plaintiff's evidence tends to establish and all logical inferences that can be drawn therefrom.

The evidence in this case shows clearly that defendants' truck entered the intersection before plaintiff's car. Under such circumstances the driver of the truck cannot be said to be negligent unless it be shown by the location and speed of plaintiff's car that he ought to have seen it and that such an appearance of danger existed that it would constitute negligence to proceed across the intersection. Plaintiff says he did not see the truck until it was in the center of the intersection and he was at a distance of 40 feet from it. The evidence shows that the truck could have been observed for at least 20 feet before it reached the west edge of the pavement, but plaintiff failed to see it. How far back plaintiff's

car was at that time is not shown. Neither is the distance of plaintiff's car from the intersection shown at the time the truck entered the intersection. The driver of the truck cannot be said to have acted unreasonably in proceeding across an intersection on which he has a right of way, in the absence of evidence showing that plaintiff's car was at that time so close and traveling at such a speed that it would be negligence for him to proceed. There is no evidence that the truck driver failed to stop at the stop sign as charged. There is no evidence that the truck was traveling at an excessive rate of speed as it entered and proceeded across the intersection. There is no evidence that the truck had defective brakes or that the driver failed to apply his brakes to avoid the collision, as charged by the plaintiff. There is no evidence that the driver of the truck failed to signal with his horn, except the testimony of plaintiff that he did not hear a horn. For aught this record shows, plaintiff's car may have been so far south of the intersection that any reasonable person would have proceeded across the intersection with full confidence that the driver of the approaching automobile would respect his rights which accrued to him when he entered the intersection without any reason for believing that it was obviously dangerous for him to have done so. We fail to find any evidence in the record that would be sufficient to sustain a finding of negligence on the part of the driver of the truck. Plaintiff not having sustained the burden of so doing, the trial court is required to direct a verdict for defendants. *Benson v. Peters,* 82 Neb. 189, 117 N. W. 347; *Bergendahl v. Rabeler,* 133 Neb. 699, 276 N. W. 673.

It is urged by plaintiff that the evidence shows a violation of section 39-1036, Comp. St. Supp. 1941, which provides in part: "All motor vehicles entering or crossing such state highways on which stop signs are erected shall come to a full stop as near the right of way line as possible, before driving onto such state highway, and, regardless of direction, shall give the right of way to vehicles upon said highway." There was no evidence of a failure to obey the stop

sign in the present case. The contention of plaintiff seems to be that one driving a favored highway has the right of way under all circumstances and that one entering an intersection from a nonfavored highway does so at his peril. This is not the law. A driver of a vehicle about to enter a highway protected by stop signs must stop as directed, look in both directions and permit all vehicles to pass which are at such a distance and traveling at such a speed that it would be obviously dangerous for him to proceed across the intersection. See *Schrage v. Miller*, 123 Neb. 266, 242 N. W. 649. Before one entering such an intersection protected by a stop sign can be held negligent, no statutory violations being shown, it must appear that the approaching car was at a point which, after considering its speed, indicated that it was within the limit of danger and that to proceed would be imprudent. In the present case no such evidence is shown by the record and, consequently, no basis exists upon which negligence on the part of the driver of the truck can be predicated.

There being no proof of negligence by the driver of the truck sufficient to sustain a verdict for the plaintiff, it is not necessary to discuss the alleged contributory negligence of the plaintiff. The judgment of the district court was correct and is affirmed.

AFFIRMED.