WILLIAM OWEN, ADMINISTRATOR OF THE ESTATE OF MARY
OWEN, DECEASED, APPELLEE, V. ROBERT MOORE, APPELLANT.

88 N. W. 2d 759

Filed March 14, 1958. No. 34299.

*Theodore L. Kowalski,* for appellant.

*McCormack & McCormack* and *A. Lee Bloomingdale,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Douglas County. It involves a tort action brought therein by

William Owen as the duly appointed, qualified, and acting administrator of the estate of Mary Owen, deceased, against Robert Moore wherein the administrator claims, as a basis for his right to recover damages, that decedent's injuries, and subsequent death, were the result of a car accident caused by the negligent conduct of defendant. Defendant answered. Therein he claims the accident, in which decedent was injured, was caused solely by the negligence of Marion Owen, the driver of the car in which decedent was riding. Trial was had and the jury's verdict was for defendant. Plaintiff filed a motion for a new trial and, from the granting thereof, defendant has perfected this appeal.

The accident, in which Mary Owen was injured, occurred sometime between 5:30 and 5:45 p.m. on Thursday, March 15, 1956, in the intersection of Farnam and Forty-fourth Streets in the city of Omaha. At the time of the accident Mary Owen, who was then 4 years of age, was riding in the front seat of a 1949 black Tudor Ford sedan which was being driven east on Farnam Street by her mother, Marion Owen. Marion Owen had driven onto Farnam Street from Saddle Creek Road, a north-south street which crosses Farnam Street a block west of Forty-fourth Street. At this same time appellant, driving a 1951 Buick Tudor sedan, was approaching Farnam Street from the north on Forty-fourth Street. He had stopped at a stop sign located at the northwest corner of the intersection. The weather was clear, the pavement dry, and visibility good. Farnam Street is paved to a width of 40 feet and ordinarily is a four-lane street with two lanes for traffic in each direction. However, at the time of the accident the north two lanes were barricaded and not being used for traffic because some utility company had dug a ditch therein between Forty-second Street and Saddle Creek Road in which to lay a pipe line. As a consequence only the two south lanes were being used for traffic, eastbound traffic using the extreme south lane and westbound

traffic the normal eastbound lane for traffic just south of the center line. There were no slow or stop signs controlling the traffic on Farnam Street at the point of its intersection with Forty-fourth Street. There was an automatic traffic signal at the Saddle Creek Road intersection with Farnam Street. Farnam Street was protected from traffic coming onto it off Forty-fourth Street by stop signs.

After Marion Owen turned east onto Farnam Street she continued east thereon in the extreme south lane thereof at a speed between 20 and 25 miles an hour. At this time, due to the heavy traffic on Farnam Street to the west being confined to one lane, cars thereon were traveling bumper to bumper and partially stopped because of the traffic signal to the west at the Saddle Creek Road intersection. There was a break in the barricade on the north half of Farnam Street at the Forty-fourth Street intersection and planks had been placed across the filled ditch to permit traffic to cross at that point. After appellant had been stopped at the stop sign at the northwest corner of the intersection for sometime a car in the lane of traffic moving west, which was just east of this opening, stopped to permit appellant to proceed south. This he did, crossing the ditch on the planks. As he proceeded south the right front of his car came in contact with the left front side of the Owen car. The impact occurred in the south lane for eastbound traffic on Farnam Street at a point about the center of Forty-fourth Street as it crosses Farnam Street. After the impact the appellant's car came to an immediate stop but the Owen car continued on to the southeast for a distance of some 25 to 30 feet where it ran into a large tree.

As a result of this accident Mary Owen was seriously injured, especially her left eye. Subsequently it was decided to remove her left eye in order to try and save the sight of her right eye. An operation for this purpose was being performed on March 30, 1956, when,

during the course thereof, Mary Owen died.

Marion Owen also brought suit against Robert Moore because of injuries she suffered in this same accident. Since the facts as to the accident would be the same the two suits were consolidated for the purpose of trial, the verdict in each case being for the appellant (defendant). In addition to finding for the appellant the jury added to the verdict the following: "NOT GUILTY OF NEGLIGENCE UNAVOIDABLE ACCIDENT."

In granting a new trial the court made this statement: "I better make this statement for the record in this case. There are two cases, William Owen, Administrator of the Estate of Mary Owen, deceased, Plaintiff, versus Robert Moore, Defendant; and Marion Owen, Plaintiff, versus Robert Moore, Defendant. The two cases were tried as one. They are carried in separate records, 478-236 and 237. After the Jury had been out awhile and had gone to lunch at 12:00 o'clock, shortly after they came back, the Bailiff told me that the Jury wanted to see me about some law that they wanted to know. The Foreman came out here and said, 'If this was an unavoidable accident, how can we bring in a verdict?' I said, 'Well, if you find as a matter of fact from the evidence that it was an unavoidable accident, then the Plaintiffs can't recover and you can't bring in a verdict except for the Defendant.' Well, that's all and they went out, and then in a few minutes they came in with a verdict for the Defendant and had written on the verdict with a pencil that it was an unavoidable accident, and the fact was that the words 'Unavoidable accident' had never been mentioned during the trial by anybody."

Under this situation the following rule applies: "* * * if the trial court gave reasons for the granting of a new trial, the duty rests upon the appellant to present those reasons and in appropriate manner support his contentions that those reasons are not sustainable from the record and applicable rules of law. The appellee has

then the duty, if he desires, of meeting those contentions. The appellee has the right to point out and submit additional reasons to sustain the trial court's judgment." Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772.

In determining whether or not the trial court was justified in granting a new trial the following principles apply:

"The motion for a new trial is a statutory remedy, and a new trial can be granted by a court of law only upon the grounds, or some of them, provided for by the statutes." Greenberg v. Fireman's Fund Ins. Co., *supra*.

"Errors sufficient to cause the granting of a new trial must be error prejudicial to the rights of the unsuccessful party." Greenberg v. Fireman's Fund Ins. Co., *supra*.

"Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured." Greenberg v. Fireman's Fund Ins. Co., *supra*.

As to instructions to be given a jury by a trial court the statutes relating thereto provide:

"It shall be the duty of the judges of the several district courts, in all cases, both civil and criminal, to reduce their charges or instructions to the jury to writing, before giving the same to the jury, unless the so giving of the same is waived by the counsel in the case in open court, and so entered in the record of said case; * * *." § 25-1111, R. R. S. 1943.

"No oral explanation of any instruction authorized by the preceding sections shall, in any case, be allowed, and any instruction or charge, or any portion of a charge or instructions, given to the jury by the court and not reduced to writing, as aforesaid, or a neglect or refusal on the part of the court to perform any duty enjoined by the preceding sections, shall be error in the trial of

the case, and sufficient cause for the reversal of the judgment rendered therein." § 25-1115, R. R. S. 1943.

Appellant suggests that what the trial court did is not in violation of these statutes and comes within the following principle stated in Grammer v. State, 103 Neb. 325, 172 N. W. 41, and approved in Schreiner v. State, 155 Neb. 894, 54 N. W. 2d 224, to wit: " 'The charge or instructions required by law to be reduced to writing is only that which the court may have to say to the jury in regard to the principles of law applicable to the case and to the evidence; and hence an oral statement or communication by the court to the jury, which is rather in the nature of a cautionary direction, and not fairly and strictly a direction or instruction upon some question or rule of law involved in or applicable to the trial, need not be in writing.' 16 C. J. 1032, sec. 2468."

We said in Wright v. Lincoln City Lines, Inc., 163 Neb. 679, 81 N. W. 2d 170: "An 'unavoidable accident' means when an unexpected catastrophe occurs without any of the parties thereto being to blame for it."

In Wright v. Lincoln City Lines, Inc., *supra,* quoting from McClarren v. Buck, 343 Mich. 300, 72 N. W. 2d 31, we said: " 'Under the facts in this case 1 or both of the drivers of the colliding cars were guilty of negligence. Under such circumstances it was error to give the quoted instruction (the issue of unavoidable accident) to the jury.' " And therein, quoting from Hicks v. Brown, 136 Tex. 399, 151 S. W. 2d 790, we said: " '* * * if the evidence does not raise the issue that something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable accident.' "

Here both parties pleaded that the proximate cause of the accident was the negligence of the other driver and offered evidence to that effect. It was neither pleaded nor was any proof offered to establish that the accident was unavoidable. We have often said that: "The charge of the trial court to the jury should be con-

fined to the issues presented by the pleadings and supported by evidence." Perrine v. Hokser, 158 Neb. 190, 62 N. W. 2d 677.

We think the oral instruction given to the jury by the trial court presented to it an issue that was neither presented by the pleadings nor supported by the evidence adduced and, therefore, clearly in violation of the requirements of the statute relating thereto.

Appellant suggests that since appellee did not raise the question involved and did not assign and discuss it in his brief that it has been waived under our holding in Carter v. Zdan, 151 Neb. 185, 36 N. W. 2d 781, to the effect that assignments of error not discussed will not be considered. In this respect appellant overlooks the fact that the duty rests upon him to present the reasons given by the trial court for the granting of a new trial and his contentions why those reasons are not sustainable. The appellee then has the duty, if he desires, of meeting these contentions. His failure to do so does not make the appellant's reasons necessarily correct but we shall, in such case, carefully examine them to see whether or not the trial court's reasons for granting a new trial are sufficient for that purpose. We find the reason given was sufficient for the granting of a new trial.

As stated in the rule here applicable, appellee has the right to point out and submit additional reasons for sustaining the trial court's granting of a new trial. This he has done.

First, appellee contends that the trial court, in submitting the two cases to the jury, violated the following principle: "The stating of the issues by substantially copying the pleadings of the parties, almost verbatim, as was done here, has been repeatedly condemned by this court. If it results in prejudice to the complaining party, it is sufficient ground for reversal." McClelland v. Interstate Transit Lines, 139 Neb. 146, 296 N. W. 757. We have examined the pleadings and the instruction relat-

ing thereto and have come to the conclusion that this contention is without merit.

Appellee contends the trial court erred in giving instruction No. 4, which is as follows:

"This is what is known as an intersection collision, and you are instructed that an intersection is a square bounded by extending the curb lines across both streets.

"Ordinances of the City of Omaha have been received in evidence providing that when two motor vehicles reach or approach an intersection, the first one to enter the intersection has the right of way and the other must yield until the first one entering has cleared the intersection; and, when two motor vehicles reach the intersection at approximately the same time, the *the* driver of the motor vehicle to the right has the right of way and the other must yield until the one to the right has cleared the intersection.

"You are instructed that a violation of the Ordinances is not negligence, but is evidence which you may take into consideration in arriving at your conclusion as to whether or not the one so violating is guilty of negligence."

This is the rule applicable at ordinary crossings unprotected by stop signs. See Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496.

But here appellee pleaded that the Owen car was "on an arterial highway protected by stop signs" and the evidence adduced shows that Farnam Street, at Forty-fourth Street, was a through street and protected from traffic coming onto it from Forty-fourth Street by stop signs.

Appellee introduced ordinance No. 14924, ch. 55, § 55-7.12(b), of the Ordinances of the City of Omaha, which provides as follows: "Vehicles entering a Through Street: The driver of any vehicle who has stopped as required by law at the entrance of a Through Street shall yield to other vehicles within the intersection, or approaching so closely on the Through Street as to con-

stitute an immediate hazard, but said driver, having so yielded, may proceed and other vehicles approaching the intersection on the Through Street shall yield to the vehicle so approaching into or across the Through Street." Appellee also tendered the following instruction: "You are hereby instructed that a motorist by stopping at a stop sign before entering a protected street is not thereafter authorized to blindly and without looking drive into the intersection. It is his duty to look both to right and left, and if a vehicle is approaching on the main or arterial highway, it is his duty to wait until such vehicle has passed, unless a prudent person would have reasonable ground to believe that such other vehicle proceeding at a lawful speed is so far distant from the intersection that he could easily cross in advance thereof."

The rule here applicable is stated in Meyer v. Hartford Bros. Gravel Co., 144 Neb. 808, 14 N. W. 2d 660, as follows: "A driver of a vehicle about to enter a highway protected by stop signs must stop as directed, look in both directions and permit all vehicles to pass which are at such a distance and traveling at such a speed that it would be obviously dangerous for him to proceed across the intersection." See, also, Dale v. Omaha & C. B. St. Ry. Co., 154 Neb. 434, 48 N. W. 2d 380; Fairchild v. Sorenson, 165 Neb. 667, 87 N. W. 2d 235; Borcherding v. Eklund, 156 Neb. 196, 55 N. W. 2d 643. As stated in Borcherding v. Eklund, *supra,* quoting from 5 Am. Jur., Automobiles, § 303, p. 668: " '* * * it is his duty to look both to right and left; and if a vehicle is approaching on the main or arterial highway, it is his duty to wait until such vehicle has passed, unless a prudent person would have reasonable ground to believe that such other vehicle proceeding at a lawful speed is so far distant from the intersection that he could safely cross in advance thereof.' "

"The duties and obligations which attend a motorist when he approaches a stop sign erected pursuant to

city ordinance are the same as those which attend when he approaches one erected pursuant to statute or statutory rules of the road." Borcherding v. Eklund, *supra.* See, also, Dale v. Omaha & C. B. St. Ry. Co., *supra.*

"It is the duty of the trial court, without request, to instruct the jury on each issue presented by the pleadings and supported by evidence. A litigant is entitled to have the jury instructed as to his theory of the case as shown by pleadings and evidence, and a failure to do so is prejudicial." Coyle v. Stopak, 165 Neb. 594, 86 N. W. 2d 758.

We think instruction No. 4 was clearly not applicable to the situation here presented by the pleadings and the evidence offered in support thereof and, therefore, prejudicial to appellee's right to recover herein.

But appellant contends, because appellee introduced in evidence section 55-7.12(a), ordinance No. 14924, of the Ordinances of the City of Omaha, which provides: "When two vehicles approach an intersection at approximately the same time, the driver of the vehicle on the left shall yield to the driver on the right," that he is not now in a position to complain of the court's instruction No. 4 because of the principles announced in Pierce v. Fontenelle, 156 Neb. 235, 55 N. W. 2d 658. Therein we said: "A party may not predicate error upon or be heard to complain about a ruling which he has procured or has been instrumental in bringing about." We also held in Quivey v. City of Mitchell, 133 Neb. 727, 277 N. W. 50, as follows: "They cannot cause and induce the trial court to commit an error, and then be heard to complain of that error here."

It is true that appellee offered in evidence section 55-7.12(a), ordinance No. 14924, of the Ordinances of the City of Omaha, to which instruction No. 4 has application. But here the pleadings, evidence (including § 55-7.12(b), ordinance No. 14924), and the instruction offered by appellee present an issue not covered by instruction No. 4. Under this situation we do not think

the principles appellant relies on have application. It was the duty of the trial court, even without request, to instruct on this issue as presented by the pleadings and which finds support in the evidence. Clearly instruction No. 4 does not find such a background for its support. We find this contention to be without merit.

Appellant further contends these ordinances were improperly received into evidence, over objection, for the reason they were not pleaded and that no proper foundation was laid for their admission.

We think any ordinance relating thereto is admissible when a party pleads, as here, that: "In failing to accord to the automobile in which the deceased, Mary Owen, was riding as a passenger the right of way, said automobile being on an arterial highway protected by stop signs and having the right of way at said intersection." See Carter v. Zdan, *supra*.

It is, of course, true, as stated in Spomer v. Allied Electric & Fixture Co., 120 Neb. 399, 232 N. W. 767: "While a municipal court may take notice of a city ordinance, proof of its existence is ordinarily required in courts of general jurisdiction." The ordinance was offered and received, over objection, without any foundation being laid for its admission. We will not discuss this matter further since a new trial must be had in any event and the same question may not again arise.

Appellee also complains of the fact that the trial court did not inform the jury that the negligence of Marion Owen, if any, could not be imputed to the decedent, Mary Owen, since Mary Owen was only 4 years of age at the time and a guest passenger in the car being driven by her mother. It is, of course, true that no negligence of the driver of the car in which she was riding could be imputed to her. See, Wilson v. Thayer County Agricultural Society, 115 Neb. 579, 213 N. W. 966, 52 A. L. R. 1393; Shiers v. Cowgill, 157 Neb. 265, 59 N. W. 2d 407. As stated in Wilson v. Thayer County Agricultural Society, *supra*: "* * * under the rule long

in force in this state, 'The negligence of a parent * * * cannot be imputed to an infant who is injured through the carelessness of another party.' Huff v. Ames, 16 Neb. 139; * * *."

Appellant pleaded, and endeavored to prove, that the accident in which decedent was injured was caused solely by the negligence of decedent's mother who was driving the car in which decedent was riding. As we said in. Shiers v. Cowgill, *supra*: "Where the negligence of the driver of an automobile in which plaintiff is riding as a passenger is the sole proximate cause of a collision in which plaintiff is injured, plaintiff cannot recover from a third person for such injury." If this were the only issue presented to the jury in this respect we do not think, in properly presenting it, that it would have been necessary for the trial court to have informed the jury as to the question of imputed negligence for, as quoted from Shiers v. Cowgill, *supra,* the appellee would not have been entitled to recover if that were true. But here two cases were joined. In the case of Marion Owen against appellant, the appellant charged in his answer that Marion Owen was guilty of contributory negligence. If that issue is properly presented to a jury it could find Marion Owen could not recover by reason thereof although appellant was also guilty of negligence. If the two cases are again tried together, and the question of contributory negligence on the part of Marion Owen is submitted as a question for the jury, then the jury should be informed that negligence on the part of Marion Owen, if any, could in no event be imputed to decedent.

In view of what we have herein held we come to the conclusion that the trial court properly granted appellee a new trial. We therefore affirm its action doing so.

AFFIRMED.

YEAGER, J., participating on briefs.