MARION OWEN, APPELLEE, V. ROBERT MOORE, APPELLANT.

88 N. W. 2d 768

Filed March 14, 1958. No. 34300.

*Theodore L. Kowalski,* for appellant.

*McCormack & McCormack* and *A. Lee Bloomingdale,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Douglas County. Therein Marion Owen brought this action against Robert Moore for the purpose of recovering damages which she claims she suffered because of injuries received in a car accident, which she alleges was caused by the negligence of defendant in operating the car he was then driving. Defendant filed an answer wherein he alleged that plaintiff was guilty of contributory negligence sufficient to defeat any right to recover which she might otherwise have. This case was combined with Owen v. Moore, *ante* p. 226, 88 N. W. 2d 759, for trial and verdict was returned for defendant as to both plaintiffs. Marion Owen filed a motion for

new trial and defendant has appealed from an order sustaining that motion.

As already indicated this case was combined with Owen v. Moore, *supra*, for trial in the district court, consequently the facts relating to the accident in which appellee was injured, as therein set forth, are applicable here. No purpose would be served by restating them herein but the statement thereof in that opinion is made a part of this opinion by reference. The same is true of all the questions therein discussed except that relating to imputed negligence. What has been therein said and held relating thereto is applicable and controlling herein.

In addition to the questions raised and fully discussed and answered in Owen v. Moore, *supra*, appellee has raised two other contentions as to why the ruling of the trial court granting her a new trial was correct. She contends the court erred by submitting the question of contributory negligence on the part of appellee without instructing on the doctrine of comparative negligence. See § 25-1151, R. R. S. 1943. It is true appellant pleaded the question of appellee's negligence and the court so advised the jury but did not instruct on the doctrine of comparative negligence. The trial court instructed that: "If you find that either or both of the Plaintiffs have proved by a preponderance of the evidence that the collision was caused by negligence of the Defendant in the operation of his automobile as alleged in their Petitions, then it will be your duty to return a verdict in favor of either or both Plaintiffs and against the Defendant in whatever sum you may find that she or he was damaged."

"Errors sufficient to cause the granting of a new trial must be errors prejudicial to the rights of the unsuccessful party." Vielehr v. Malone, 158 Neb. 436, 63 N. W. 2d 497. See, also, Dixon v. Coffey, 161 Neb. 487, 73 N. W. 2d 660; Wright v. Lincoln City Lines, Inc., 163 Neb. 679, 81 N. W. 2d 170.

While the trial court should instruct on the doctrine of comparative negligence, when the issue of contributory negligence is submitted, it was not here an error of which appellee can complain because it would be to her advantage since the issue is one of defense and applicable to appellant. A party is not in a position to properly complain of what has been done unless it can be shown that he has been injured thereby in some way.

As to whether or not the issue of contributory negligence should be submitted under the evidence adduced we do not here determine. The rule applicable is stated in Dryer v. Malm, 163 Neb. 72, 77 N. W. 2d 804, as follows: "In a case where different minds may reasonably draw different conclusions or inferences from the adduced evidence, or if there is a conflict in the evidence as to whether or not the evidence establishes negligence or contributory negligence, and the degree thereof, when one is compared with the other, such issues must be submitted to a jury." It should, of course, be remembered, as stated in Allen v. Clark, 148 Neb. 627, 28 N. W. 2d 439, that: "Where contributory negligence is pleaded as a defense, but there is no evidence to support such defense, it is prejudicial error to submit such issue to the jury."

Appellee also complains of the court's failure to include as an element in its instructions on damages, as it relates to appellee, the element of her loss of earnings. It is true that if the pleadings and evidence relating thereto are sufficient in that regard recovery may be had therefor. See Montgomery v. Miller, 83 Neb. 625, 120 N. W. 197. We do not here decide whether or not, under the pleadings and evidence adduced, that element should have been included in the instruction informing the jury what it could consider in determining the amount of appellee's recovery in case it found she was entitled thereto. What was said in In re Estate of Potts, 144 Neb. 729, 14 N. W. 2d 323, is here applicable.

Therein we said: "Where a jury found the defendant to be free from negligence in a personal injury action, an error in the instruction stating the measure of damages is necessarily harmless." Until a jury finds appellee is entitled to recover any error in the instruction relating to damages could not be prejudicial.

In view of what we said and held in Owen v. Moore, *supra,* which is here controlling, we find the trial court was correct in granting appellee a new trial. We therefore affirm its action doing so.

AFFIRMED.

YEAGER, J., participating on briefs.