REQUESTED BY: Paul D. Empson, Box Butte County Attorney.
1. Is the county board required to make the levy for the support of the county agricultural society specified in section 2-203.02, R.R.S. 1943?
2. Is the levy for the support of the county agricultural society included as a part of the county levy for the purpose of the constitutional limitation on the amount of the county levy?
3. Is the county board required to make the levies authorized by sections 2-203.03 and 2-203.06, R.R.S. 1943?
4. Are the levies authorized by sections 2-203.03 and2-203.06 included in the constitutional county mill levy limitation?
1. Yes.
2. No.
3. No.
4. No.
1.
Section 2-201, R.R.S. 1943, provides that when a county agricultural society is formed, in the manner specified, and the proper procedural steps have been taken, the county board `shall,' at the time other levies and assessments for taxation are made, levy a tax of not to exceed one-fourth mill, or as much thereof as is necessary to raise the maximum amounts provided in sections 2-203, 2-203.01, 2-203.02, or 2-203.05. Section 2-203.02 provides:
 "In counties having a population of more than four thousand inhabitants but not more than sixty thousand inhabitants, the county board shall assess so much of the one-fourth mill levy as will raise ten thousand dollars." (Emphasis supplied.)
Section 49-802, R.R.S. 1943, provides in part:
 "Unless such construction would be inconsistent with the manifest intent of the Legislature, rules for construction of the statutes of Nebraska hereafter shall be as follows:
 "(1) When the word may appears, permissive or discretionary action is presumed. When the word shall appears, mandatory or ministerial action is presumed."
We find nothing in the statutes dealing with county agricultural societies which would dictate a departure from the normal rules of construction. We therefore conclude that section 2-203.02
requires the county board to make the levy specified therein.
2.
Article VIII, Section 5 of the Nebraska Constitution provides that county authorities shall never assess taxes the aggregate of which shall exceed fifty cents per one hundred dollars actual valuation, except as otherwise provided in that section. Because property is assessed at thirty-five percent of actual value, this fifty cent limitation translates into a mill levy limitation of 14.28 mills. This limitation, however, is applicable only to levies for the county, and does not include levies for other taxing entities, even though the county board makes such levies. In an opinion of this office dated March 10, 1976, Report of the Attorney General 1975-76, p. 278, we reached the conclusion that county agricultural societies are not a part of county government, and concluded that tax levies for their support were not included in the limitation imposed by Article VIII, Section 5 of the Constitution. We cited in that opinion the case of Wilson v. Thayer County AgriculturalSociety, 115 Neb. 579, 215 N.W. 966 (1927), in which the court held that an agricultural society was a separate entity from the county. We also cited Dwyer v. Omaha-DouglasPublic Building Commission, 188 Neb. 30,195 N.W.2d 236 (1972), in which the court analyzed the constitutional provision, and held that it did not apply to levies for taxing entities that were not a part of county government. We adhere to the conclusion we reached in that opinion.
3.
Section 2-203.03 provides that the county board may
levy an additional one-fourth mill over and above the limitations set forth in sections 2-203, 2-203.01, 2-203.02 and2-203.05. Section 2-203.06 provides that the county boardmay make an additional one mill levy, or any part thereof, for the purpose of capital construction on the county fairgrounds. Again, we feel that section 49-802(1) governs. By the use of the word `may' the Legislature has manifested its intention to give the county board discretion as to whether or not these additional levies should be made.
4.
In spite of the fact that the county board is vested with the discretion to make, or not to make the levies authorized by section 2-203.03 and 2-203.06, the levies are still levies for the support of the county agricultural society, and not for the county itself. We therefore believe our previous discussion is applicable here, and that such levies are not included in the county mill levy limitations.