REQUESTED BY: Gregory G. Jensen, Valley County Attorney, Ord, Nebraska.
Is a county agricultural society, as defined in section2-201 a political subdivision subject to the budget limitations set forth in LB 1, Eighty-Fifth Legislature, First Special Session, 1978?
No.
You point out that in previous opinions our office has stated that a county agricultural society is not subject to the Open Meetings Law, section 84-1408, R.R.S. 1943. See, Report of Attorney General, 1977-1978, Opinion No. 98, p. 147. In that opinion we stated that the definition of public bodies, which related to the requirements to comply with the open meetings statutes, did not include a county agricultural society. That definition contained in section84-1409 includes the following:
 ". . . (a) governing bodies of all political subdivisions of the State of Nebraska, . . ."
While that opinion did not specifically address the issue of whether county agricultural societies would be subject to the limitations of LB 1, it did determine that a county agricultural society was not a governing body. In support of that conclusion we cited Crete Mills v. Nebraska StateBoard of Agriculture, 132 Neb. 244, 271 N.W. 684 (1937). In that case our Supreme Court stated that the State Board of Agriculture was best classified as a private corporation.
We have searched the Nebraska statutes and the case law in an attempt to define the term `political subdivision' within the context of the State of Nebraska. There are several statutes which define the term for specific purposes. For purposes of airport zoning see section 3-301, R.R.S. 1943; for emergency seat of local government see section23-2102, R.R.S. 1943; for levies and flood control see section2-1506.01, R.R.S. 1943; for Interlocal Cooperation Act see section 23-2203, R.R.S. 1943; for sales tax and social security see respectively sections 77-2702 and 68-606, R.R.S. 1943; and for torts court claims see section 23-2402, R.R.S. 1943. In each case the definitional provisions of the statute are slightly different than other statutes defining the same term and are limited in their application to the particular act under consideration.
Generally, the term `political subdivision,' where cases have considered its meaning, is related specifically to state law within the jurisdiction having the question under consideration. For instance, Missouri holds that a city is not a political subdivision for appellate jurisdiction purposes. See Ingle v. City of Fulton, Missouri,260 S.W.2d 666.
These limited definitions are of little help in the context of Nebraska statutes under consideration here. We have neither any general statute nor any specific case which deals with the question of what components are required to constitute a political subdivision. Generally it may be said that the term `political subdivision' denotes any subdivision of the state which has as its purpose carrying out functions of the state which are inherent necessities of government and have always been regarded as such by the public. See Commissioner of Internal Revenue v. Shamberg'sEstate, 144 F.2d 998.
However, we believe that we are correct in adhering to the views expressed in a series of prior opinions which generally state that county agricultural societies are a unique entity. See Report of the Attorney General, 1977-1978, Opinion No. 86, p. 131, and Opinion No. 144, p. 217, and Report of Attorney General, 1953-1954, p. 64.
Further, in Wilson v. Thayer County Agricultural Society,115 Neb. 579, 213 N.W. 966, 52 A.L.R. 1393 (1927), the Supreme Court was considering a tort action against a county agricultural society. In that case an infant had been injured by errant fireworks displays. A defense pled to the lawsuit was that of governmental immunity. Our Supreme Court stated, in attempting to define the character of agricultural societies:
 ". . . It is an agency in the generic definition of that word, but it is not an agent in the legal sense that can bind a governmental principal and itself be relieved from liability on its own contracts or for its own torts on the ground that it is a governmental agency as that term is legally understood. The legislature never intended to limit the amount that could be paid by the county to support this society and at the same time, by implication, to make it an agency that could subject the county to suits for its acts. . . ."
LB 1, popularly known as the Lid Bill, places a limitation of seven percent on the ad valorem portion of the taxes of `political subdivisions.' No definition is provided in that act of the term `political subdivision' nor by implication may any be found in other statutes or cases in the State of Nebraska.
For the foregoing reasons, it is our opinion that a county agricultural society is not a political subdivision within the contemplation of LB 1.