REQUESTED BY: Dear Senator Warner:
In your letter of January 14, 1980, you requested our opinion on two questions set forth as follows:
1. Is a county agricultural society established under the provisions of 2-201 to 2-220.04 a political subdivision?
2. Is a county fair board established under the provisions of 2-221 to 2-237 a political subdivision?
We assume, for purposes of this discussion, that by the term `political subdivision,' you were referring to the traditional concept of a political subdivision of the state, or a public entity created by an act of the Legislature. See,e.g., Wight v. McGuigan, 94 Neb. 358, 143 N.W. 232 (1913).
As referenced in your separate questions above, the Nebraska statutes addressing matters with regard to county agricultural societies and fairs are divided into two general parts. Part 1, section 2-201 through and including section 2-217, Neb.Rev.Stat. (Reissue 1977), deals with the formation of a county agricultural society, and the general powers of such a society in conducting fairs, and working with the county board in the assessment of certain levies for fairground improvements, acquiring fairground property, etc. Sections 2-221.01 through and including 2-237, Neb.Rev.Stat. (Reissue 1977), provide for a separate procedure for the conducting and support of county fairs by popular election within the county, and generally under the coordination of the county board and a county fair board appointed by the county board. It is necessary to consider these distinctions in responding to the separate questions you have raised.
We have had occasion to previously consider the question of whether a county agricultural society is a public agency, or for purposes of this discussion, a political subdivision of the state. Relying on earlier decisions of the Nebraska Supreme Court, such as Wilson v. Thayer County AgriculturalSociety, 115 Neb. 579, 213 N.W. 966 (1927), andCrete Mills v. Nebraska State Board of Agriculture,132 Neb. 244, 271 N.W. 684 (1937), we opined that an agricultural society is organized and empowered to act in a fashion similar to that of a private corporation, as opposed to a governmental agency. Those previous opinions, No. 98 and No. 144, 1977-1978 Report of the Attorney General, are enclosed herewith. Consistent with that judicial reasoning, we would advise you that a county agricultural society is not a political subdivision of the state.
A county fair board, however, is a different type of entity, appointed by the county board which is elected in each of the respective Nebraska counties. The county fair board, therefore, serves at the pleasure of elected officers who represent the county, a political subdivision of the state under the rationale set forth in Wight v. McGuigan,supra. We would therefore consider the county fair board a governmental body serving a political subdivision of the state.
We trust this correspondence answers the questions you have raised, and invite you to contact the undersigned attorney if you have further questions.